Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of IDA ADAMS, Widow, and FREDA
  ADAMS and LE ROY ADAMS, Children, Respondents, for
  Compensation to Themselves under the Workmen's Com-
  pensation Law, for the Death of LOUIS ADAMS, *v.* NEW
  YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Employer
  and Self-Insurer, Appellant.

Third Department, November 29, 1916.

Workmen's Compensation Law — statute contemplates periodical pay-
  ments save under exceptional circumstances — commutation of peri-
  odical payments — statute construed — Commission may not adopt
  rule requiring lump sum payment in all death cases — tables of mor-
  tality — Carlisle table followed in this State.

The basic theory of the Workmen's Compensation Law is the periodical
  payments of compensation or death benefits, and the power of the Com-
  mission to commute such periodical payments to one or more lump sum
  payments, either in the case of injury or death, as permitted by sections
  25 and 27 of the statute, is only intended to be exercised in particular
  and exceptional instances where justice will be promoted by a departure
  from the general rule.
Hence, the State Industrial Commission has no power under section 27 of
  the statute to pass a rule applicable to all cases by which mutual com-
  pensation insurance companies and all self-insurers are required to pay
  into the State fund the present value of future installments under
  awards in death cases.
Moreover, in computing the present value of periodical payments, the
  Commission has no authority to base the sum upon "the Survivorship
  Annuitants Table of Mortality," and "the remarriage rate of the Dutch
  Royal Insurance Institution" for said table and rate have not received
  recognition by the courts of this State which have adopted and given
  judicial sanction to the Carlisle table.
*It seems*, that in order to justify a direction for the payment of a lump
  sum instead of periodical payments the decision of the Commissioners
  must show facts which establish that the lump-sum payment is "in the
  interest of justice," and it must also appear that the Commission has
  properly computed "the present value of all future payments with due
  regard for life contingencies."
*It seems*, also, that no set of rules can be devised to apply indiscriminately
  to all cases, or to a certain class of cases.

APPEAL by the defendant, New York, Ontario and Western
Railway Company, from an award of the State Industrial

Commission, entered in the office of said Commission on the 26th day of June, 1916, directing the employer to pay into the State insurance fund, under section 27 of the Workmen's Compensation Law, the present value of future installments of compensation theretofore awarded.

On July 27, 1914, an award was made under the Workmen's Compensation Law in favor of the widow and two infant children of a deceased employee of the appellant. Such award directed payment in installments by the appellant to said widow and children of certain death benefits under section 16 of the act, payable semi-monthly to the widow during her widowhood, with two years' compensation in one sum upon remarriage, and to the children semi-monthly until they shall arrive at the age of eighteen years.

On May 31, 1916, the Commission adopted an elaborate set of rules for the payment into the State fund of the present value of future installments of death benefits. Such rules applied to every mutual compensation insurance company and every self-insurer and directed them to pay into the State fund the present value of future installments under every award in death cases. Such rules also provided among other things that "all present values shall be computed upon the basis of the Survivorship Annuitants' Table of Mortality, the remarriage rate of the Dutch Royal Insurance Institution, interest at $3\frac{1}{2}\%$, with an expense loading so calculated as to provide that 3% of the sums paid in shall be available for defraying the administration charges of the aggregate trust fund thus created. In every case paid in, all future liability under the award and the hazards of death or remarriage are to be assumed by the trust fund commencing at midnight of the day on which the present value is actually received by the fund in cash."

On June 26, 1916, the Commission directed the appellant pursuant to the foregoing rules to pay into the State insurance fund $5,734, representing the alleged present value of the future installments of compensation payable by the appellant to the widow and children herein. The notice to the appellant stated: "All further liability to pay compensation under the above-numbered award will be assumed by the State Fund,

commencing on the day following the date on which the above sum is actually received by the commission. The present value above stated is discounted for mortality, remarriage and interest, in accordance with standard tables adopted by the Commission. No refund will, in consequence, be made in the event of the death or remarriage of dependents occurring subsequent to the assumption of liability by the State Fund." From this decision the employer appeals to this court.

At the time of the foregoing direction the widow was thirty-seven years old and her two children were about twelve and three years respectively. The award originally made directed payment to the widow during her widowhood of semi-monthly installments of ten dollars and eighty-eight cents, and to each child of semi-monthly installments of three dollars and sixty-one cents until such child shall reach the age of eighteen years.

*C. L. Andrus*, for the appellant.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, and *Robert W. Bonynge* of counsel], for the respondent State Industrial Commission.

COCHRANE, J.:

The theory of the Workmen's Compensation Law is periodical payments of compensation or death benefits. Such payments may extend throughout the life of the injured person or for a shorter period depending on the nature of the injury. (See Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 15, as amd. by Laws of 1915, chap. 615, and Laws of 1916, chap. 622.) They may also in case the injury causes death extend throughout the life of a surviving wife or dependent husband as the case may be, provided the wife does not again remarry or the dependent husband does not become independent. (§ 16, as amd. by Laws of 1914, chap. 316, and Laws of 1916, chap. 622.) In other words, payments may be made in installments during the life of a person entitled thereto or for shorter periods according to the nature of the case. But in any event the primary purpose and the general scheme and plan of the statute is that such payments shall be periodical and at brief

intervals. That clearly appears, not only from said sections 15 and 16, but also from other sections, including section 25 (as amd. by Laws of 1915, chap. 167), which is entitled, "Compensation, how payable," and provides as follows: "Compensation under the provisions of this chapter shall be payable periodically by the employer, in accordance with the method of payment of the wages of the employee at the time of his injury or death, and shall be so provided for in any award; but the Commission may determine that any payments may be made monthly or at any other period, as it may deem advisable." Said section 25 then contains some matter not here important and concludes as follows: "The Commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments to the injured employee or, in case of death, his dependents, provided the same shall be in the interest of justice." It was not the purpose of this last quoted provision to destroy the general scheme of the statute establishing periodical payments and permit the Commission in every instance to commute periodical payments into a lump sum payment. Rather it was the purpose to provide for particular and exceptional instances. It was recognized by the Legislature that there might be individual cases where justice would be promoted by a deviation from the principle of periodical payments and it was desired to place in the hands of the Commission authority to deal with such individual cases and to provide for one or more lump sum payments as the circumstances of that particular case might seem to require. That such was the purpose of the statute is clear from the qualifying expression therein contained, "provided the same shall be in the interest of justice." There should be something taking the case out of the ordinary rule to justify the Commission in making an exception thereto. The exception must be "in the interest of justice" and should not depend on the whim or caprice of the claimant or the employer, nor should it depend on an arbitrary ruling of the Commission. Each case should be considered by itself and in each case it should be apparent that there is some circumstance or some feature thereof which differentiates it from the general rule and makes it apparent that such differentiation is "in the interest of

justice." The Commission would not be justified in making a sweeping rule applying to all cases or to all cases of a certain class because that would defeat the theory of the statute which is periodical compensation.

I have thus discussed the provision for commutation under section 25 (as amd. *supra*) because it has a direct bearing on the interpretation to be placed on section 27 (as amd. by Laws of 1916, chap. 622) under which the decision complained of herein was made and which so far as herein material is as follows: "If an award under this chapter requires payment of compensation by an employer or an insurance corporation in periodical payments, and the nature of the injury makes it possible to compute the present value of all future payments with due regard for life contingencies, the Commission may, in its discretion, at any time, compute and permit or require to be paid into the State fund an amount equal to the present value of all unpaid compensation for which liability exists, together with such additional sum as the Commission may deem necessary for a proportionate payment of expenses of administering the fund so created, such moneys to constitute an aggregate trust fund; and thereupon such employer or insurance corporation shall be discharged from any further liability under such award and payment of the same shall be assumed by the trust fund so created." Section 25 provides in certain cases for the payment of a lump sum to the injured employee or in case of death to his dependents, whereas section 27 provides for the payment of such lump sum into the State fund, which fund then becomes liable for the periodical payments. The phraseology of the two sections is somewhat different, but their purpose is substantially the same except that under one section the lump sum payment goes to the injured employee, or in case of death his dependents, whereas under the other section the lump sum payment goes to the State fund. The amount of the payments is the same under either section and it can make no difference to the employer or insurer who receives the payment. The two sections are to be read together, therefore, and each is to be construed in the light of the other, and each is to be regarded as supplementing the other. What has been said in regard to the meaning and effect of section 25 applies also to

section 27.   It is not the purpose of either section to break down the theory of periodical compensation.   It was not the purpose of the Legislature to authorize the Commission to emasculate this feature of the law or to virtually repeal the provision that "compensation under the provisions of this chapter shall be payable periodically by the employer, in accordance with the method of payment of the wages of the employee at the time of his injury or death, and shall be so provided for in any award."   That stands as the general policy of the law and the Commission is without power to repeal it or authority to ignore it except in particular cases.   The Commission has by an omnibus resolution destroyed this theory of the law in all death cases where the employer is insured in a mutual compensation insurance company or is a self-insurer.   If the Commission can do this it can pass a resolution requiring the payment of a lump sum into the State fund or to the injured employee or his dependents in every case and thereby destroy absolutely the theory of periodical payments and accomplish a repeal of an important feature of the law.   We do not think that was the intent of the statute.   The purpose of sections 25 and 27 is the same.   Particular cases may arise where payment to the employee or his dependents or payment into the State fund of one lump sum may be in the interest of justice.   But such cases are exceptional and must be dealt with as they arise. No sweeping set of rules can be enunciated to apply to all cases. Section 25 requires that such a determination shall be "in the interest of justice," and section 27 requires that it must be "possible to compute the present value of all future payments with due regard for life contingencies."   This latter provision in the statute implies that there are cases where the present value of future payments cannot be properly computed.   The Commission is not at liberty to guess at the present value of future payments regardless of the contingencies which may arise.   The meaning of the statute is that the situation and conditions must be such that the present value of future payments may be arrived at on a scientific basis and with an approximate approach to certainty and fairness and to the monetary equivalent of the payments which the statute requires to be made periodically in the future.

In the present instance a computation of the present value of the periodical payments has been made based on " the Survivorship Annuitants' Table of Mortality " and " the remarriage rate of the Dutch Royal Insurance Institution." This table and rate have received no recognition by the courts of this State and are not sanctioned by any statute of the State. The Carlisle table is in general use and has been for many years, and its reliability has received judicial sanction. But not so with the tables adopted by the Commission. It may be observed in this connection that if the present value of the award made to the widow in this case on the assumption that she shall receive it during her life be computed according to the Carlisle table, and to this be added the entire periodical payments awarded to the two infant children until they shall arrive at the age of eighteen years, the entire amount will be less than what the Commission has directed the appellant to pay into the State fund based on the tables which it has adopted. This is assuming that the widow will not remarry and that the two children will both reach the age of eighteen years, and is making no deduction whatever for the present payment of these installments which by the award are extended over periods until the two children shall reach the age of eighteen years. Clearly such a direction is neither " in the interest of justice " as required by section 25, nor has the Commission properly computed " the present value of all future payments with due regard for life contingencies " as required by section 27. If the present value of future payments is to be computed it should be in a manner analogous to the custom which prevails in this State and in the courts thereof. And if no method has in this State been established or adopted for computing the present value of future payments, the duration of which may depend on the remarriage of a person, and if it may be difficult or even impossible in view of that fact in the case of a widow to compute such present value that simply confirms the interpretation we are placing on this statute that it was not designed to give the Commission power in all cases to direct the payment of a lump sum but only in exceptional cases. No injustice or harm can usually result from the periodical payment plan enunciated by the statute.

It follows that the decision of the Commission requiring the appellant to make this payment into the State fund cannot be sustained for the reason that such decision does not appear to be " in the interest of justice " nor does it appear that the Commission has properly computed " the present value of all future payments with due regard for life contingencies." Both of such facts should appear in order to sustain in any case a determination of the Commission which is a departure from the general rule declared by the statute.

Our conclusions are that no set of rules can be devised to apply indiscriminately to all cases or to a certain class of cases; that the meaning of the statute is that only in exceptional cases should its policy of periodical payments be departed from; that each case must be considered with reference to its own circumstances; and that in each case the circumstances must be such as to make it appear that the departure of the Commission from the theory of periodical payments is in respect to such individual case " in the interest of justice " and the circumstances must also be such as to make " it possible to compute the present value of all future payments with due regard for life contingencies."

The decision of the Commission should be reversed.

All concurred, HOWARD, J., in result.

Decision reversed.   ─────────────