In the Matter of the Claim of IDA ADAMS et al., against
    NEW YORK, ONTARIO AND WESTERN RAILWAY COM-
    PANY, Respondent.

    STATE INDUSTRIAL COMMISSION, Appellant.

Workmen's Compensation Law — section 27 requiring deposit
to meet future payments does not apply to award made to
widow.

Section 27 of the Workmen's Compensation Law (Cons. Laws,
ch. 67), which requires a deposit in the state fund by an employer
and self-insurer of money to meet future payments of an award does
not apply to an award made to a widow since it does not contem-

plate and fails to provide for weighing or determining the contingency of the widow's remarriage, which would bring about a cessation of payments.

*Matter of Adams* v. *N. Y., Ontario & W. Ry. Co.*, 175 App. Div. 714, affirmed.

(Argued January 17, 1915; decided January 30, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department; entered November 14, 1916, which reversed an order of the state industrial commission requiring the defendant to deposit in the state fund moneys sufficient to meet future payments of award.

*Egburt E. Woodbury*, Attorney-General (*E. C. Aiken* and *Robert W. Bonynge* of counsel), for appellant.

*Merwin K. Hart* for Utica Mutual Compensation Insurance Corporation.

*R. A. Mansfield Hobbs* for Self Insurers Association.

*Faulkner Hill* for United States Realty and Improvement Company.

*John J. Cushing* for R. S. Kerbaugh, Inc.

*M. B. Hoffman* for Brooklyn Rapid Transit Company.

*C. L. Andrus* for respondent.

CUDDEBACK, J. The order appealed from which required the deposit in the state fund by the employer and self-insurer of the money to meet the future payments of an award was properly reversed at the Appellate Division, for the reason that section 27 of the Workmen's Compensation Law (Cons. Laws, ch. 67), which requires such deposit, does not apply to an award made to a widow. It does not contemplate and fails to provide for weighing or determining the contingency of the

widow's remarriage — which would bring about a cessation of the payments to her.

The order appealed from should be affirmed, with costs against the state industrial commission.

POUND, J. (dissenting). It must be remembered that we are construing a workmen's compensation law with its usual incidents. The scheme of the statute is reasonably comprehensive. Section 25 provides that the commission may, in the interest of justice, award to the injured person, or to the beneficiaries in case of death, a lump sum in lieu of periodical payments. Section 27 covers cases only where periodical payments are awarded and payment thereof is assumed by the state fund by a deposit of the present value thereof in trust. One lump sum payment is made under section 25 and the case is closed. Periodical payments are continued under section 27 for the full period of liability. Death is a personal injury within the meaning of the statute (*Crapo* v. *City of Syracuse*, 183 N. Y. 395) which makes it possible, under section 27, to compute the present value of future payments, "with due regard to life contingencies." The contingency of remarriage in case of widows comes plainly within the spirit of the statute as well as its letter, and the statute clearly means that due regard must be given to it. Every reason for permitting the present value of all future payments to be computed in cases of life interests applies to life interests subject to the contingency of remarriage. Actuarial science determines the probabilities of remarriage from experience tables, as the expectation of life is determined. The industrial commission may (§ 67) adopt reasonable rules to carry into effect the provisions of the law and the collection, maintenance and disbursement of the state insurance fund. The Northampton table of mortality rests upon the observations of the population of a single English town. It was long in use under the General Rules of Practice. The same is true of the Carlisle table from which the value of life estates is computed in our

courts to this day. (General Rules of Practice, LXX.) In the present perfected stage of vital statistics the probable number of widows of a given age out of a given number who will remarry in a given period may be determined with essential accuracy as any other life contingency may be determined. The remarriage table of the Dutch Royal Insurance Institution, which governs the awards and payments under the provisions of the Dutch Compensation Law, was properly adopted by the commission as the only experience table of the kind applicable to our conditions, and it will serve until it is corrected by local experience.

The order of the Appellate Division should be reversed and that of the industrial commission affirmed.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur with CUDDEBACK, J.; POUND, J., reads dissenting memorandum.

Order affirmed, etc.