Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EDITH BAILEY, Mother, on Behalf of Herself and of the Brother and Sister of HARRY BAILEY, Deceased, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Said HARRY BAILEY, *v.* COLUMBIAN ROPE COMPANY, Employer, and. the AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 13, 1918.

**Workmen's Compensation Law — commutation of compensation — award payable to mother in future installments — application of mortality tables.**

The State Industrial Commission directed payment to the State Insurance Fund under section 27 of the Workmen's Compensation Law the net present value of future installments of compensation awarded to a dependent mother. *Held*, error, as the commutation as provided in section 27, to be based on the Survivorship Annuitants' Table of Mortality and the Remarriage Tables of the Dutch Royal Insurance Institution, was intended to permit the commutation of an award payable to a widow during widowhood, and to fix a basis therefor, and did not apply to an award during dependency.

APPEAL by the defendants, Columbian Rope Company and another, from an award, order and decision of the State Industrial Commission dated July 3, 1918, directing payment to the State Insurance Fund under section 27 of the Workmen's Compensation Law of the net present value of future installments of compensation awarded to the dependent mother of the deceased.

*Jeremiah F. Connor,* for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], *Robert W. Bonynge,* counsel for the State Industrial Commission, for the respondents.

JOHN M. KELLOGG, P. J.:

By subdivision 4 of section 16 of the Workmen's Compensation Law, an award to a dependent mother is only payable during her dependency.

In *Adams* v, *New York, Ontario & Western R. Co.* (175 App. Div. 714; 220 N. Y. 579) it was held that the Commission could not commute future payments directed to be made to a widow during widowhood. After that decision it was provided, by chapter 705 of the Laws of 1917, that commutations under section 27 shall be upon the basis of the Survivorship Annuitants' Table of Mortality and the Remarriage Tables of the Dutch Royal Insurance Institution. That amendment was intended to permit the commutation of an award payable to a widow during widowhood, and to fix a basis for such commutation. But that basis would not apply to an award during dependency. Neither would a life table furnish any basis for such commutation. It is evident that the Commission treated the award in this case as one payable during life, but by subdivision 4 of section 16 of the Workmen's Compensation Law it continues only during dependency. The Commission cannot determine that such an award is of value equal to a life award and compute it on that basis. The appeal, therefore, is governed by the *Adams* case.

The decision should be reversed.

All concurred.

Determination reversed.