Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of YONKERS RAILROAD COMPANY, Employer and Self-Insurer, Appellant.   (No. 2.)

Third Department, January 8, 1919.

**Workmen's Compensation Law — permission to employer to carry its own risks made in 1914 — unauthorized revocation of permit because employer refuses to commute sum due widow — statutes construed — constitutional law — impairment of prior contract — right of employer to test validity of order of Commission.**

The State Industrial Commission, having in 1914 granted permission to an employer to carry its own risk of paying compensation pursuant to subdivision 3, section 50 of the Workmen's Compensation Law, cannot thereafter revoke said permission upon the sole ground that the employer refuses to obey an order of the Commission requiring it to commute an award made to a widow and children by lump sum payment into the State insurance fund, the amount to be determined by section 27 of the Workmen's Compensation Law, as amended by chapter 705 of the Laws of 1917. This because at the time the agreement with the State Industrial Commission was made, the Commission had no power to commute an award of death benefits to widows because there was no means of estimating the contingency of remarriage.

Although section 27 of the Workmen's Compensation Law, as amended in 1917, provided a method for the estimation of the present value of awards of future payments to widows, and the Commission became empowered to require the commutation of such awards, the statute could not affect the agreement made with the Commission before its passage, or extend the obligations of the employer under the prior agreement.

In any event, the Commission had no right to penalize the employer by revoking its previous permission because the employer resorted to the courts to test the validity of the Commission's order.

COCHRANE, J., dissented.

APPEAL by Yonkers Railroad Company, employer and self-insurer, from a decision contained in a resolution adopted and filed in the office of the State Industrial Commission on the 30th day of July, 1918, revoking permission granted by it to the appellant to carry its own insurance under the Workmen's Compensation Law.

*Alfred T. Davison* [*Addison B. Scoville* and *E. Crosby Kindleberger* of counsel], for the appellant.

*Merton E. Lewis*, Attorney-General [*Robert W. Bonynge* of counsel], for the respondent, State Industrial Commission.

H. T. KELLOGG, J.:

This is an appeal from a decision of the Commission revoking a privilege granted to appellant, under subdivision 3 of section 50 of the Workmen's Compensation Law, to carry its own risk of paying compensation. The privilege was granted in July, 1914, upon condition, among other things, that appellant execute a certain agreement. The agreement was entered into on July 3, 1914, and engaged appellant, when required by the Commission, to " pay an amount equal to the present value of the future payments of compensation, under any award made by the Commission against us, into the State Insurance Fund." On December 20, 1917, the Commission made an award to the widow and children of a deceased employee of the appellant who lost his life, by an accident growing out of his employment, on August 30, 1917. The appellant paid the installments under this award, as directed. On May 21, 1918, the Commission passed a resolu-

tion requiring all self-insurers and carriers to commute all death benefits under awards for deaths occurring between July 1, 1917, and December 31, 1917, by lump sum payments into the State Insurance Fund, the amounts to be determined as provided in section 27 of the Workmen's Compensation Law, as amended by chapter 705 of the Laws of 1917. Accordingly, it directed appellant to pay in the sum of $7,534.04 on the award made against it. The appellant declined to pay, and appealed from the order. Thereupon the Commission canceled its privilege of self-insurance. That the sole ground of the cancellation was the resistance of the appellant to the order, as shown by its appeal, and its alleged repudiation of its agreement of July 3, 1914, is established by the recitals of the order and the admissions contained in the briefs of counsel hereupon. The question arises whether the Commission properly exercised its discretion when it canceled the privilege upon such a ground.

In the year 1914 section 27 of the Workmen's Compensation Law provided for the commutation of awards, in the discretion of the Commission, provided " the nature of the injury makes it possible to compute the present value of all future payments with due regard for life contingencies." It was held in *Matter of Adams* v. *N. Y., O. & W. R. Co.* (220 N. Y. 579) that it was not possible under this section to compute the value of awards of death benefits to widows, because no method was provided by law for estimating the contingency of remarriage, the occurrence of which would cause their termination, and, therefore, the Commission had no power to commute in such cases. · The present value of an award to a widow was then as incapable of ascertainment under a contract as under a statute. Therefore, the agreement of July 3, 1914, which engaged appellant, when required, to pay " the present value of the future payments," did not comprehend commutation of awards to widows. Moreover, the Commission had no power to make a contract calling for lump sum, rather than periodic, payments in such cases, for the statute itself continued to require the latter instead of the former. Originally, therefore, the promise of appellant did not cover the commutation of an award like the award it was subsequently required to commute.

In the year 1917 section 27 of the Workmen's Compensation

Law was amended, providing a method for the estimation of the present value of awards of future payments to widows, and the Commission became empowered to require the commutation of such awards. (Laws of 1917, chap. 705.) This statute amended the law as it stood in 1914, but it could not amend the agreement made by the appellant in that year. The terms of the agreement, and the extent of the obligations thereunder, were then fixed, and could not be enlarged without a new promise voluntarily made, however retroactive the amendment may have been to affect the law of cases previously arising. There was, therefore, no contract by appellant to pay as ordered in the particular instance, and no breach of contract on its part.

The Commission has in effect attempted to penalize the appellant for a resort to the courts to test the validity of its order. Even if the contract of appellant were construed to engage it to make payments under the amended law when required, the questions would remain whether that law were valid, and whether the Commission had acted within it. Answers to these questions would have to be made before it could be determined that the contract was broken. The appellant had a right to raise these questions, and could not be penalized for so doing.

The Commission had power to revoke its consent for self-insurance " for good cause shown." (Workmen's Compensation Law, § 50, subd. 3, as amd. by Laws of 1916, chap. 622.) It was not shown that the financial standing of the appellant was precarious, or that the securities deposited to protect the self-insurance were inadequate. Nor was any other ground proven or taken for cancellation except the fact that the appellant dared to contest an order of the Commission. Had the Commission required further securities or a further agreement, doubtless a failure of appellant to furnish either would have constituted " good cause shown " for cancellation. This course was not followed. We think that good cause has not been shown for cancellation. The order of the Commission should, therefore, be reversed.

All concurred, except COCHRANE, J., dissenting.

Determination reversed.