In the Matter of the Claim of BERL WAGNER, Respondent, against WILSON & COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

(Argued April 15, 1929; decided May 28, 1929.)

*William Warren Dimmick* and *Samuel Israel* for appellant. The award in this case is irregular and not within the meaning of section 17 of the Workmen's Compensation Law of New York State. (*Perino* v. *Lackawanna Steel Co.*, 241 N. Y. 317; *Bailey* v. *Columbian Rope Co.*, 184 App. Div. 718; *Sullivan* v. *Hudson Navigation Co.*, 182 App. Div. 158; *O'Donahue* v. *Boies*, 159 N. Y. 87.)

*Hamilton Ward, Attorney-General* (*E. C. Aiken* of counsel), for respondent. A commutation of the award to an alien dependent is mandatory under section 17 of the Workmen's Compensation Law. (*Perino* v. *Lackawanna Steel Co.*, 241 N. Y. 312.)

CARDOZO, Ch. J. An award has been made to the dependent father of a workman killed in the course of his employment, and the award has been commuted in respect of future installments by requiring the payment of a gross sum. The father is an alien, not a resident of the United States or Canada. The question is whether the computation of the gross payment is in accordance with the statute.

Section 16 of the Workmen's Compensation Law (Cons. Laws, ch. 67) prescribes the award of death benefits for citizens of the United States and for aliens residing in the United States or in Canada.

If there be a surviving wife and a child or children under the age of eighteen years, the benefits go in prescribed proportions to the wife during widowhood (with two years' compensation in one sum upon remarriage) and to the child or children until the age of eighteen years (§ 16, subd. 2). In such circumstances there is no need for proof of dependency, which follows as a legal

inference from the nature of the relation. A husband, however, receives benefits only if proved to be dependent.

If there be no surviving wife or dependent husband or child under eighteen, the benefits are paid in prescribed proportions to grandchildren or brothers and sisters under eighteen, if dependent upon the deceased at the time of the accident, until they become eighteen, and to each parent or grandparent, if dependent, " during such dependency " (§ 16, subd. 4).

Section 27 of the statute clothes the Board with discretionary power to compute the present value of all unpaid death benefits and to require the employer or insurance carrier to pay the commuted value in discharge of further liability. "All computations made by the board shall be upon the basis of the survivorship annuitants table of mortality, the remarriage tables of the Dutch Royal Insurance Institution and interest at three and one-half per centum per annum."

A decision of this court in *Adams* v. *N. Y., O. & W. Ry. Co.* (220 N. Y. 579, affg. 175 App. Div. 714) is to the effect that in the absence of any tables fixing the date of probable remarriage, commutation is not permitted in respect of an award to a widow during the term of her widowhood. Amendments of the statute have made it possible in such circumstances to have recourse to the Dutch tables. A decision of the Appellate Division in the third department, made in 1918, is to the effect that there can be no commutation of an award to a dependent mother payable during her dependency, since there are no tables in existence by which the term of dependency can be measured (*Bailey* v. *Columbian Rope Co.*, 184 App. Div. 718). The ruling then made, though not brought to this court for review, follows, it would seem, as a reasonable deduction from the ruling in the *Adams* case. It has been accepted by the Board and by claimants for upwards of ten years, and has been left untouched through all the many revisions of the act that

have been adopted in the interval. We think it has wrought itself by construction into the body of the statute.

The commutation of this award would, therefore, have been unauthorized if the dependent father had resided in the United States or Canada. The question is whether a different rule is to be applied by reason of the fact that he is an alien residing in Rumania.

Section 17 of the Workmen's Compensation Law provides as follows:

"ALIENS:— Compensation under this chapter to aliens not residents (or about to become nonresidents) of the United States or Canada, shall be the same in amount as provided for residents, except that dependents in any foreign country shall be limited to surviving wife and child or children, or, if there be no surviving wife or child or children, to surviving father or mother whom the employee has supported, either wholly or in part, for the period of one year prior to the date of the accident, and except that the commission may, at its option, or upon the application of the insurance carrier, shall, commute all future installments of compensation to be paid to such aliens, by paying or causing to be paid to them one-half of the commuted amount of such future installments of compensation as determined by the commission."

This section does not enlarge, but on the contrary restricts, the benefits that are payable to alien nonresidents, as contrasted with those that under section 16 of the statute are payable to others. In the case of aliens not residents of the United States or Canada, there is no provision for dependent husbands or for grandchildren, brothers and sisters, or grandparents. Benefits are confined to wife, child and parent. The compensation due to these, however, is to be " the same in amount as provided for residents," *i. e.*, the wife is to take during widowhood with two years' compensation in one sum upon remarriage, the child or children until attaining the age of eighteen years, and the father or mother during depend-

ency. We find no basis for a reading of the statute that would limit the resident father or mother to compensation during dependency, and enlarge the compensation of alien non-residents to compensation during life.

The benefits payable to the father in Rumania being thus confined in point of duration to the term of his dependency, the commutation, if any, is to be made in submission to the same restraints. The sum to be paid by the employer or the carrier in discharge of liability is to be " one-half of the commuted amount of such future installments of compensation as determined by the commission " (§ 17). But the Commission has not determined such amount nor attempted to determine it. What the Commission has done is to determine the commuted amount of the future installments of compensation during the term of probable survivorship. There has been no attempt to determine the period of probable dependency. Dependency has not been ascertained by recourse to any law of averages. No such tables are available. It has not been ascertained through a forecast of the future in the light of particular disabilities or individual conditions. If such a forecast were permissible in the face of section 27, which assumes a computation on the basis of a law of averages (cf. *Ithaca Trust Co.* v. *U. S.*, 279 U. S. 151), the facts essential to its making are not embodied in the record. The gross award must fail for lack of data to sustain it.

In thus holding, we do not ignore the provision of the statute (§ 17) that commutation shall be mandatory whenever requested by the carrier. Obedience to the mandate is not difficult when the claimant is a wife or child, for the remarriage tables and the tables of mortality supply the data essential to a computation of the probable term of survivorship or widowhood. Only when the payments are for the benefit of a dependent parent during the term of dependency do the essential data fail. *Lex non cogit ad impossibilia.* If a carrier were

to insist upon a commutation of payments to a dependent father or mother, the demand, to be effective, would have to be coupled with a consent that dependency be measured by the tables of mortality. Here commutation has been ordered, not at the carrier's request, but in the face of its resistance.

We conclude that until the statute is amended by applying some appropriate table of averages to the ascertainment of probable dependency, there can be no commutation of future payments for the support of dependent parents, whether non-resident or resident.

The order of the Appellate Division should be reversed, and the award annulled, with costs in the Appellate Division and in this court, and the proceeding remitted to the State Industrial Board for the making of an award in accordance with this opinion.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.