Eva N. Bacon *vs.* United Electric Railways Co.

JUNE 24, 1930.

Present: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

Rathbun, J. This is a petition under the Workmen's Compensation Act for commutation of weekly payments to a lump sum. The petitioner's husband, in an accident arising out of and in the course of his employment, received injuries from which he died, leaving his wife, the petitioner, as his sole dependent. On November 24, 1928 the respondent, who was the husband's employer, and the petitioner entered into an agreement for weekly compensation for three hundred weeks, in accordance with the provisions of said act, General Laws, 1923, Chapter 92. From said twenty-fourth day of November, 1928 until the filing of this petition, January 13, 1930, the respondent made payments to the petitioner, as provided in said agreement, at the rate of $10 per week. After hearing the parties the trial justice entered a decree commuting the weekly payments to a

lump sum of $2,055.86, and the cause is before us on respondent's appeal from said decree.

Section 25, Art. II of the original act, said Chapter 92, provides for commutation of weekly payments to a lump sum, and Section 6 of said article, as amended by Chapter 1058, Public Laws, 1927, provides that: "Upon the remarriage of the widow of a deceased employee the compensation theretofore payable to such widow shall cease and determine."

The respondent's objection to the decree is based mainly on the ground that no provision was made for reimbursing the employer in the event that the widow dies or remarries during the statutory period of three hundred weeks.

The respondent contends that the trial court was without authority to decree payment in a lump sum without making some provision for reimbursing the respondent in the event that the widow dies or remarries during said statutory period; and the respondent further contends that there was no evidence upon which to base a finding that commutation will be for the best interest of the petitioner.

Said section 25 provides that where weekly payments have continued for not less than six months the Superior Court may commute the future weekly payments to a lump sum, if satisfied that commutation will be for the best interest of the person or persons receiving or dependent upon such compensation, or that the person entitled to compensation has removed or is about to remove from the United States.

In *Lupoli* v. *Atlantic Tubing Co.*, 43 R. I. 299, we held that in a compensation case where the only question before the court is as to the legal effect of certain admitted facts the question is one of law and is subject to review on appeal. In the same case it was held also that the burden of proof is on the party moving for commutation.

The undisputed evidence shows that the petitioner desires to move to Nova Scotia and care for an aunt who resides there; that for her services petitioner will receive room, board and some money; that she could live there on the weekly payments of $10; that she owes four or five hun-

dred dollars, which she would like to pay, and that she has no definite use for the money remaining after paying her debts and intends "to put the money away."

Commutation will not be made merely because the person receiving compensation has a desire to pay debts. *Di Donato* v. *Rosenberg*, 225 N. Y. Sup. 46, 221 App. Div. 624; see also *Dikovich* v. *American Steel & Wire Co.*, 36 N. J. L. J. 304.

Compensation is paid solely for the support of dependents. Section 23 of said Article II provides that: "No claims for compensation under this chapter, or under any alternative scheme permitted by article four of this chapter, shall be assignable, or subject to attachment, or liable in any way for any debts."

It is admitted that the petitioner can, without inconvenience, receive the payments periodically when living in Nova Scotia as she does now while residing in Massachusetts. It is against the policy of the statute to pay to a dependent a considerable amount of money in a lump sum when the dependent has no definite use for the same. The authorities agree that only exceptional circumstances can justify a departure from the general rule of periodical payments of compensation. *Sangamon Mining Co.* v. *Industrial Com.*, 315 Ill. 532; *Becker* v. *Taylor & Co.*, 216 N. Y. Supp. 625, 217 App. Div. 414. There was no evidence upon which a decree for commutation could be validly based.

Respondent cites *Adams* v. *N. Y. Ontario & W. R. R. Co.*, 175 App. Div. 714, 220 N. Y. 579, to support the contention that the Superior Court was without authority to commute the periodical payments to a widow when there are no other dependents. This point was not argued by petitioner's counsel. The question, not being important for the determination of the case, is not considered.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

*Huddy & Moulton, William Law*, for petitioner.

*Clifford Whipple, Earl A. Sweeney*, for respondent.