In the Matter of the Claim of FILOMENA PACENZA, Respondent, Dependent Mother, on Account of the Death of PASQUALE DIMEO, Deceased Employee, against BOOTH & FLINN, LIMITED, Employer and Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 10, 1937.

*Frank J. Macre,* for the appellant.

*Walter M. Hinkle,* for the Royal Italian Consul, representing claimant-respondent.

*John J. Bennett, Jr., Attorney-General [Leon Freedman, Assistant Attorney-General,* of counsel], for the State Industrial Board.

McNAMEE, J. The deceased was drowned in the course of his employment on June 9, 1920, and the Board made an award of periodic payments for death benefits to his dependent mother, who then was and since has remained a non-resident alien living in Italy.

The self-insured employer has ceased to do business and has wound up its affairs except the matter of this award. To dispose of this final item it made application to the State Industrial Board on April 24, 1936, to commute the payments to a lump sum,

pursuant to the provisions of section 17 of the Workmen's Compensation Law, and, coupled with the application, its consent in writing that, in making the necessary computation, the dependency of the mother should be deemed to continue to the end of her life. The application was denied by the Board on the ground that the dependent mother objected, and that there must be mutual consent by the interested parties in order to justify the commutation. This denial was error.

The statute gives power to the State Industrial Board to commute periodic payments when there is a basis upon which the amount may be fixed. The statute mentioned not only gives the Board this power to commute when possible, in the case of aliens, but requires such commutation on the application of the employer. It provides that the Board " may, at its option, or upon the application of the insurance carrier, shall, commute all future installments," etc. The statute contains no reference to an agreement or consent of the parties.

Prior to the amendment of 1917 it was held that the Board was not authorized to require a deposit by the insurance carrier to meet payments due to a claimant during her widowhood, because no means were provided by which the ultimate amount to be paid to the widow could be determined. There was no measure for the duration of widowhood in our law. (*Adams* v. *New York, Ontario & Western Railway Co.*, 220 N. Y. 579.) Later, section 27 of the Workmen's Compensation Law was amended (Laws of 1917, chap. 705), providing that lump sum awards made to widows might be computed according to the remarriage tables of the Dutch Royal Insurance Institution. This made the duration of widowhood a determinable factor. Periodic payments could be commuted to a lump sum to represent the prospective payments during widowhood, but still no such commutation was possible where the period to be considered was that of " dependency," because there was no method available for determining the duration of dependency. (*Bailey* v. *Columbian Rope Co.*, 184 App. Div. 718.) And the Court of Appeals held that commutation in such a case, without the consent of the carrier, was unauthorized, because the period of life and the period of dependency were not synonymous. (*Matter of Wagner* v. *Wilson & Co.*, 251 N. Y. 67, 71.)

In the *Wagner* case the court said: " The gross award must fail for lack of data to sustain it " (p. 71). The award there was being made over the protest of the employer and in the absence of a basis for computation. Such is not the case here. Here the self-insured employer makes the application for commutation, and provides the data. It consents that the award be made on the basis that depend-

ency shall be deemed coextensive with life. This makes it possible for the Board to commute, and the statute gives the employer the right to require it. (*Matter of Fedorchuck* v. *Houbigant, Inc.*, 230 App. Div. 528; *Matter of Werenjchik* v. *Ulen Contg. Corp.*, 255 N. Y. 56, 59.) And, in addition, the statute requires, upon the application of the carrier, that the Board shall " commute *all future* installments of compensation," etc. Thus the commutation shall be made as of the time of the application therefor, and not as of the time of some future hearing to be accorded by the Board. (*Matter of Dauphine* v. *Blair*, 220 App. Div. 63; *Matter of Werenjchik* v. *Ulen Contg. Corp.*, *supra*, p. 60.) The employer was entitled to the commutation sought, and to have it made as of April 24, 1936.

The decision should be reversed, the claim remitted, and commutation granted as herein indicated, with costs against the State Industrial Board.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Decision reversed, with costs against the State Industrial Board, and matter remitted to the Board to commute the award as of the date of the application by the carrier.