In the Matter of the Claim of JOHN POCOROBA, Dependent Father, and JOSEPHINE POCOROBA, Dependent Mother, on Account of the Death of PAULINE POCOROBA, Claimants, against STATE INSURANCE FUND, AGGREGATE TRUST FUND, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 9, 1938.

John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General, of counsel], for the State Industrial Board.

RHODES, J. The State Industrial Board has certified to this court the following questions:

" 1. Where payment of the present value of death benefit award to a dependent parent has been paid by an insurance carrier into the Aggregate Trust Fund in accordance with the provisions of Section 27 of the Workmen's Compensation Law, has the Industrial Board the power thereafter to commute into a lump sum for payment to a dependent parent the then present value of all future compensation to be paid to such dependent parent, computed and determined in the same manner and on the basis of the same procedure as stated in said section for payment into said Fund, where the record and evidence which may be submitted so warrant?

" 2. Has the Industrial Board the power to so order and direct payment from the Aggregate Trust Fund irrespective of the objections to such procedure upon the part of such Fund and without the consent of such Fund? "

On October 19, 1936, an award of compensation for death benefits was made to the surviving dependent parents of Pauline Pocoroba, deceased employee; by the award compensation was paid to them from the date of death, June 20, 1935, to November 13, 1936, and payment of the present value of the balance of the award as of November 13, 1936, was on that day made by the insurance carrier to the State Fund in the amount of $4,916.55, in accordance with the provision of section 27 of the Workmen's Compensation Law.

By the terms of the award the Fund was directed to make payments to the dependent parents at the bi-weekly compensation rate of $10.574 each, beginning with November 13, 1936. Thereafter the parents made application for a lump sum payment of all moneys which would accrue to them during their lifetime, stating as the reason therefor their desire to repurchase their house which had been foreclosed, on the ground that they could rent part of such premises, and on the further ground that due to the blindness of the dependent mother and her familiarity with the old house, she would be able to find her way about the premises, whereas in any other location she would be in constant danger of injury.

The record discloses that the Board is in doubt as to its power to direct the payment of the lump sum out of the fund in the hands of the Aggregate Trust Fund and, therefore, has certified the above questions to this court.

As to the first question:

Section 27, when properly applied, is constitutional. (*Matter of Brophy* v. *Prudential Ins. Co.*, 241 App. Div. 306.)

In *Matter of Wagner* v. *Wilson & Co.* (251 N. Y. 67) it was held under the statute as it then existed that there was no authority by which the Board could order commutation of future payments for the support of dependent parents, because the statute specified no appropriate table of averages for the ascertainment of probable dependency; therefore, no formula existed on which to base such commutation. Section 27 at that time provided that " All computations made by the Board shall be upon the basis of the survivorship annuitants table of mortality, the remarriage tables of the Dutch Royal Insurance Institution."

By chapter 255 of the Laws of 1935 the following amendment was added: " Except that computations of present values of death benefits required to be paid into the State Insurance Fund by a stock corporation or a mutual association shall be based, in the case of a dependent parent, grandparent, blind or crippled child or husband, upon said table of mortality *disregarding possible change in or termination of dependency.*"

The amendment thus obviated the objection raised by the case of *Matter of Wagner* v. *Wilson & Co.* (*supra*), and permitted a computation according to the specified tables without any deduction for any possible termination of the dependency.

During all this time section 25 of the act contained and still contains the following: " The Industrial Board, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments to the injured employee or, in case of death, his dependents, provided the same shall be in the interests of justice. *Such commutation shall be made according to the method prescribed in section twenty-seven of this chapter.*"

Thus the effect of the amendment to section 27 was to establish a formula not only for the computation of awards to be paid into the State Fund, but also for computing the lump sum payments to dependents authorized by section 25.

We interpret the statute, as thus amended, as conferring power on the Board to commute and direct the payment to a dependent of a lump sum award in a proper case.

As to the second question, whether the Board has power to order and direct payment from such Fund irrespective of objection thereto by the Fund and without its consent.

In case the Board in its discretion computes the present value of unpaid death benefits or other compensation, section 27 directs the amount thereof to be paid into the State Fund. (Subdivision 10 of section 2 of the act defines the State Fund as meaning, " The State Insurance Fund provided for in article *five* of this chapter." Article 5 was renumbered article 6 by section 2 of chapter 255 of the Laws of 1935, but apparently by oversight the definition of State Fund which refers to article *5* was not correspondingly changed.)

" Such Special Fund [death benefits or other compensation] shall be kept separate and apart from all other moneys of the State Fund." (§ 27.) The language of the statute indicates that the State Fund is simply the custodian of the funds paid to it, in so far as concerns moneys for unpaid death benefits computed in accordance with the statutory formula.

The amounts so paid constitute one aggregate and indivisible fund. Upon payment into such Fund of the amount computed and directed by the Board the employer and carrier are discharged from further liability therefor, and payment of the compensation represented thereby is assumed by the Special Fund so created. (§ 27.)

By section 22 the Board of its own motion or upon application may increase or modify any award, and in case of such modification whereby an award is increased, the increase is by section 27 required to be paid by the employer or insurance carrier to the State Fund.

The State Fund has no control over the amounts of awards; as custodian, its only duty is to pay over from the funds in its hands the awards directed by the Board to be paid.

Our conclusion is that in a proper case the Board has power to order and direct payment from the State Fund, irrespective of any objection to such procedure on the part of such Fund.

In accordance with the foregoing both questions should be answered in the affirmative.

HILL, P. J., McNAMEE, BLISS AND HEFFERNAN, JJ., concur.

Questions certified answered in the affirmative.