In the Matter of the Claim of HELEN STACHOWIAK et al., Respondents, against O'ROURKE BAKING Co., INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Argued April 11, 1939; decided April 18, 1939.

*Harold M. Baumler* for O'Rourke Baking Co., Inc., appellant. Under section 27 of the Workmen's Compensation Law (Cons. Laws, ch. 67) the award against the employer, pursuant to section 14-a of said law, for violation of subdivision 2 of section 171 of the Labor Law (Cons. Laws, ch. 31), could not be commuted and ordered paid into the aggregate trust fund. (*Adams* v. *New York, O. & W. Ry. Co.*, 220 N. Y. 579; *Matter of Wagner* v. *Wilson & Co.*, 251 N. Y. 67.)

*Frank D. Maurin* for London Guarantee & Accident Company, Ltd., appellant.

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. The award was legally commuted. (*Matter of Pocoroba* v. *State Insurance Fund*, 253 App. Div. 407.)

*Per Curiam.* By amendment of section 27 of the Workmen's Compensation Law (Cons. Laws, ch. 67) (Laws of 1935, ch. 255), the Legislature in clear language has introduced a distinction in the computation of awards payable " by an insurance carrier which is a stock corporation or mutual association " and awards payable by others. The Legislature has not attempted to apply an " appropriate table of averages to the ascertainment of probable dependency " (*Matter of Wagner* v. *Wilson & Co.*, 251 N. Y. 67, 72), nor has it declared that " possible change in or termination of dependency " must be disregarded *except* in " com-

putations of present values of death benefits required to be paid into the state insurance fund by a stock corporation or a mutual association." Death benefits for minors illegally employed for which the employer alone is liable under the provisions of section 14-a of the Workmen's Compensation Law do not fall within the exceptions.

The order of the Appellate Division and the award of the State Industrial Board should be modified by elimination of the commutation of these benefits and the proceeding remitted to the Board for that purpose, and, as so modified, affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.