In the Matter of the Claim of AUGUSTA FRIEDMAN against S. KLEIN et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 10, 1943.

*George J. Stacy,* attorney (*William S. Sinclair* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Assistant Attorney-General,* and *Seymour R. Thaler, Deputy Assistant Attorney-General,* of counsel), for State Industrial Board.

CRAPSER, J. This is an appeal by the employer and insurance carrier from a decision made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law, directing the appellants to supply the necessary medical and surgical attention and treatment required by the claimant.

The matter comes before this court upon a shortened record and upon a stipulation by the attorneys as follows:

" It is stipulated that the only issues involved or questions raised on the present appeal by appellants are: (1) The payment made by the Maryland Casualty Company herein of $10,017.43, into the Aggregate Trust Fund pursuant to the award made by the State Industrial Board herein discharged the Maryland Casualty Company from any further liability to claimant for medical or surgical treatment. (2) That after such above recited payment into the Aggregate Trust Fund the State Industrial Board had no power to make the award appealed from herein."

The claimant was employed as a saleswoman in a retail store which was conducted by the employer. While engaged in her regular occupation claimant suffered accidental injury to her eyes which resulted in a permanent loss of vision in both eyes and rendered her permanently totally disabled.

The claimant was awarded compensation for total permanent disability because of her loss of industrial vision and the commuted value of this award was ordered paid into the Aggregate Trust Fund. The appellants paid into the Aggregate Trust Fund the sum of $10,017.43. Thereafter application was made by claimant's doctor to the carrier for permission to operate on

claimant to remove cataracts from her eyes. Such permission was refused on the ground that the payment into the Aggregate Trust Fund placed the burden of payment upon the Aggregate Trust Fund.

Section 27 of the Workmen's Compensation Law provides: "If any such award made on or after July first, nineteen hundred and thirty-five, requires payment for total permanent disability resulting from the loss of both hands, or both arms, or both feet, or both legs, or both eyes, * * *. The board shall immediately compute the present value thereof and require payment of such amount into the Aggregate Trust Fund. * * * Upon payment by an employer or insurance carrier into the Aggregate Trust Fund of an amount equal to the present value of all unpaid death benefits or other compensation under such award, such employer or insurance carrier shall be discharged from any further liability for payment of such death benefits or other compensation, and payment of the same as provided by this chapter shall be assumed by the Fund so created."

Section 13 of the Workmen's Compensation Law provides: "The employer shall promptly provide for an injured employee such medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus for such period as the nature of the injury or the process of recovery may require."

Subdivision 6 of section 2 of the Workmen's Compensation Law says: "6. 'Compensation' means the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein."

This same definition is contained in the Longshoremen's and Harbor Workers' Compensation Act. (33 U. S. Code, § 901 et seq.)

Under section 27 of the Workmen's Compensation Law it is provided that certain types of awards may be commuted by the State Industrial Board and ordered paid into the Aggregate Trust Fund in accordance with the method outlined by the statute. Such awards are those which are payable in periodical payments. Medical expenses are nowhere mentioned in section 27. Medical expense awards are not awards which are payable in periodical payments.

The provision for payment into the Aggregate Trust Fund provides in such a case as this that "the Board shall immediately compute the present value thereof and require payment of such amount into the Aggregate Trust Fund, together with

such additional sum as the Board may deem necessary for a proportionate payment of expenses of administering such Trust Fund * * *

" Such Aggregate Trust Fund shall be kept separate and apart from all other moneys of the State Fund, and shall not be liable for any losses or expenses of administration of the State Fund other than the expenses involved in the administration of such Trust Fund, nor shall the State Fund be charged with the losses or expenses of the Aggregate Trust Fund beyond the amount of such Trust Fund.''

It would be impossible to determine accurately the character and extent of medical and surgical treatment and attendance which the claimant would need and which the employer would be obliged to furnish for such period as the nature of the injury or the process of recovery might require and therefore it would be impossible to know what amount to be ordered paid into the Aggregate Trust Fund to cover such amount.

The provisions of section 27 covering such a case as this are mandatory.

Section 27 provides that upon payment by an employer or insurance carrier into the Aggregate Trust Fund of an amount equal to the present value of all unpaid compensation under such an award such employer or insurance carrier shall be discharged from any further liability for payment of other compensation and the payment of the same shall be remitted by the Fund so created, can only when read in connection with the other provisions of the Compensation Law mean and refer to periodical payments.

In making the computation the medical and surgical expenses were not included. It was always the duty of the employer or carrier under section 13 to furnish these.

Medical and surgical expenses have never been taken into consideration in making a computation of the amount to be paid into the Aggregate Trust Fund as the result of awards.

The decision and award appealed from are affirmed, with costs to the State Industrial Board.

HILL, P. J. (dissenting). Earlier the carrier has paid $10,017.43 into the Aggregate Trust Fund. The statute, section 27, states that when such payment has been made the " employer or insurance carrier shall be discharged from any further liability for payment of such death benefits or other compensation, and payment of the same as provided by this chapter shall be assumed by the Fund so created.'' Medical care is directly controlled by the Workmen's Compensation Law. '' The

employer shall be liable for the payment of the expenses of the treatment. Fees for medical services shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living. Recourse to the employer for payment shall be had only under the statute. * * * The medical care which the employer must furnish is part of the statutory compensation of the workman ". (*Szold* v. *Outlet Embroidery Supply Co.*, 274 N. Y. 271.) This court has determined that medical care is part of the compensation. The decisions of a State court under a State statute are not reviewable by the Supreme Court of the United States and the State ruling is adopted by that court. (*Madden* v. *Kentucky*, 309 U. S. 83; *Storaasli* v. *Minnesota*, 283 U. S. 57.)

I dissent and vote to reverse the award.

HEFFERNAN and SCHENCK, JJ., concur with CRAPSER, J.; HILL, P. J., dissents in a memorandum in which BLISS, J., concurs.

Decision and award appealed from affirmed, with costs to the State Industrial Board.