Lawrence, J.
(dissenting). The facts are not disputed. On January 11, 1935, Walter Szuba sustained accidental injuries, which arose out of and in the course of his employment. These injuries resulte'd in his death February 10, 1935. The decedent left him surviving a dependent mother, two dependent sisters and a dependent brother. An award of death benefits was made, based upon a wage expectancy of $18.60 per week. On October 7,1935, the present value of the award was found to be $6,553.05 as of November 8, 1935. The employer and insurance carrier were directed to pay such sum to the Aggregate Trust Fund pursuant to section 27 of the Workmen’s Compensation Law. The amount, with interest, was paid into the Aggregate Trust Func and payments were thereafter made to the mother from such fund.
On or about February 28, 1944, the Aggregate Trust Fund made application to the board for a reconsideration of the dependency of the mother, upon the ground that she was no longer dependent. On May 18, 1944, the board held that the dependency of the mother had ceased on May 16, 1944, and that payments to her of compensation by the Aggregate Trust Fund ceased as of that date. On May 27, 1944, the carrier applied to the board for a review and recision of the decision of May 18, 1944, upon the ground that no provision was made for a refund to the insurance carrier from the Aggregate Trust Fund in the amount to which the insurance carrier would be entitled because of a modification and change in the original award and for a reason other than subsequent death or remarriage. On September 12, 1944, the referee found that the dependency status of the mother had changed and that the husband was able to provide for her support. The referee directed that the death benefits previously awarded to the mother be discontinued as of May 16,1944, and directed that the Aggregate Trust Fund *399 refund to the insurance carrier any sum computed as the value of benefits which the mother might have received after May 16, 1944.. He adjourned the proceeding for one year for a reconsideration of the dependency status. A hearing was had before the Industrial Commissioner on October 19,1944. This hearing resulted in a determination, based upon actuarial computations, that the amount of refund due the insurance carrier from the Aggregate Trust Fund, because the dependency of the mother had ceased, was $3,801.89. It was determined that if the mother again became dependent, the carrier would be required to deposit additional amounts in the fund as of the date of recurring dependency. Thereafter and on October 27, 1944, the Aggregate Trust Fund made application for a further review by the Industrial Board. This was granted. The Industrial Board rescinded the action of the referee. It reaffirmed the decision of May 18, 1944, which contained no provision for a refund.
The appellants upon this appeal raise only one question: “ Whether or not, following the payment to the Aggregate Trust Fund of the present value of an award for death benefits, an insurance carrier is entitled to a refund from the Aggregate Trust Fund when the Workmen’s Compensation Board finds that the claimant-mother is no longer dependent because of increased earnings of her husband, and accordingly directs that payments of compensation to the claimant-mother cease.”
■ Counsel agree that the question propounded has not been passed upon by the courts. The purpose of the Workmen’s Compensation Law is to protect workmen and their dependents from want in case of injury and to save them from becoming objects of charity. The reason for the creation of the Aggregate Trust Fund is to provide a fund from which disbursements may be made to satisfy legitimate claims under the Workmen’s Compensation Law. Chapter 325 of the Laws of 1941 contains additional requirements for payments into the Aggregate Trust Fund to secure further the solvency of such fund. It would seem that the whole scheme of the various enactments is to secure a permanent fund from which all claims provided for in the law may be satisfied.
It is urged by the appellants that the element of dependency was not contemplated and did not enter into computation in fixing lump sum payments to be paid into the Aggregate Trust Fund in the case of a dependent parent because there was no basis in the statute for such calculation at the time it was made. Appellants cite Matter of Adams v. N. Y. Ontario & Western Ry. Co. (220 N. Y. 579), as authority for the contention that no *400 tables existed by which to compute a lump sum award to be made to a widow. That case arose under the statute as it existed prior to 1917. Section 27 of the Workmen’s Compensation Law was amended in 1917 to provide that compensation to widows might be computed upon the basis of the Remarriage Tables of the Dutch Royal Insurance Institution. Appellants cite Matter of Bailey v. Columbian Rope Co. (184 App. Div. 718), and Matter of Wagner v. Wilson & Co. (251 N. Y. 67), as holding that computation of a lump sum to dependent parents could not be made during dependency upon the basis of survivorship tables. The Bailey case was decided in 1918. The Wagner case was decided in 1929. In the last three mentioned cases the question at issue was the authority of the board to make lump sum awards.
Section 27 of the Workmen’s Compensation Law was amended by chapter 255 of the Laws of 1935, which became effective in March of that year. It was therefore in effect at the time of the original award in the case at bar. That section, as amended, contained the provision: u * * * All computátions made by the board shall be upon the basis of the survivorship annuitants table of mortality, * * * except that computations of present values of death benefits * * * shall be based, in the case of a dependent parent, * # * upon said table of mortality disregarding possible change in or termination of dependency * *
It is apparent that the lump sum award was properly made in the case at bar and that any possible change in or termination of dependency might be, and was disregarded. Section 27 of the Workmen’s Compensation Law, as amended in 1935, contained a further provision: “ Upon payment by an employer or insurance carrier into such fund of an amount equal to the present value of all unpaid death benefits or other compensation under any such award * * * such employer or insurance carrier shall be discharged from any further liability for payment of such death benefits or other compensation, and payment of the same as provided by this chapter shall be assumed by the special fund so created.”
The appellants contend that the original award has been modified or changed by directing that payments of compensation to the mother cease and that, if such award is changéd by the board for any reason other than because of subsequent death or remarriage, the carrier is entitled to a refund.
In Matter of Parsons v. Despatch Shops, Inc. (268 App. Div. 840), the deceased workman died as the result of an accident sustained in his employment. An award of death benefits was made *401 in favor of a partially dependent mother, which was commuted into the Aggregate Trust Fund. Later it was found by the Industrial Board that dependency of the mother ceased about October 26, 1942, because of increased earnings of her husband. On November 2, 1942, the dependent mother secured some employment but died as the result of an accident on November 6, 1942. Application for refund was made by the carrier and was denied for the reason that a change of conditions resulted from the death of the beneficiary.
In Matter of Pocoroba v. State Insurance Fund (253 App. Div. 407) the following question was certified to this court: “ 1. Where payment of the present value of death benefit award to a dependent parent has been paid by an insurance carrier into the Aggregate Trust Fund in accordance with the provisions of Section 27 of the Workmen’s Compensation Law, has the Industrial Board the power thereafter to commute into a lump sum for payment to a dependent parent the then present value of all future compensation to be paid to such dependent parent, computed and determined in the same manner and on the basis of the same procedure as stated in said section for payment into said Fund, where the record and evidence which may be submitted so warrant 1 ”
The question was answered in the affirmative. This court held, under section 25 of the Workmen’s Compensation Law, that lump sum payments to a beneficiary could be directed by the Workmen’s Compensation Board. Such - power suggests that the funds in the hands of the Aggregate Trust Fund are for the benefit of the beneficiary and are not subject to a refund to a carrier. Dependency is a question of fact. It may be temporary in character. Under subdivision 4 of section 16 of the Workmen’s Compensation Law an award to a dependent mother is payable only during dependency. Dependency may recur.
In Matter of Friedman v. Klein (267 App. Div. 17) this court held that the provision that upon payment by an employer or insurance carrier into the Aggregate Trust Fund of an amount equal to the present value of all unpaid compensation, the employer and carrier shall be discharged from all further liability is mandatory but that such payment applied only to periodical payments and did not include medical or surgical expenses. This holding was unanimously affirmed by the Court of Appeals sub nom. Matter of Friedman v. Simon (293 N. Y. 720.)
Comment is made regarding the continuing jurisdiction of the board under section 123 of the Workmen’s Compensation *402 Law, and further comment is made regarding section 22 of the Workmen’s Compensation Law. Under section 123 the power of the hoard is a continuing one and it may, from time to time, make modifications or changes respecting former awards and decisions as therein provided. Under section 22 the board may modify awards, decisions and orders where there has been a change in the conditions or an erroneous wage rate has been established. These powers are not questioned. They suggest absolute control over the fund by the board.
A review of the various provisions of the Workmen’s Compensation Law compels the conclusion that payment of the award into the Aggregate Trust Fund was justified and that, upon payment by the insurance carrier, liability ceased so far as periodical payments are concerned and further liability for payments is assumed by the fund.
It is possible that, under their continuing jurisdiction, the Workmen’s Compensation Board may be called upon to order further compensation to the dependent mother. The fund now in the hands of the Aggregate Trust Fund cannot be refunded to the carrier. The decision of the Industrial Board should be affirmed.
Heeeernan and Foster, JJ., concur with Hill, P. J.; Lawrence, J., dissents in an opinion in which Brewster, j., concurs.
Decision reversed, on the law, with costs against the Workmen’s Compensation Board and matter remitted to the board for decision as indicated in the prevailing opinion.