In the Matter of the Claim of IRVING E. HAAB et al., Respondents, against LIONEL R. BAUMAN et al., Doing Business under the Name of BAUMAN BROS., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal

by an employer and insurance carrier from decisions and awards made by the Workmen's Compensation Board which rescinded a prior award to the Special Funds in a death case, and granted death benefits to a father, mother and a minor brother of the deceased employee on the grounds of partial dependency and further awarded doubled compensation against the employer alone, pursuant to section 14-a of the Workmen's Compensation Law. The decision computed the unpaid balance of all the sums awarded as of a stated date and directed payment thereof pursuant to section 27 of the Workmen's Compensation Law. Decedent died as a result of injuries, accidentally sustained in the usual course of her employment by the employer-appellant, on January 21, 1943. No formal written claim on behalf of her parents and minor brother was filed until March 27, 1947. The employer reported the injury on January 22, 1943, and gave its report as fatal, on February 24, 1943. On February 16, 1943, the appellant insurance carrier gave written notice that the claim would be controverted upon various grounds, including that of dependency. The first hearing was held June 23, 1943, at which deceased's father, the employer and the insurance carrier were present. There is evidence to support a finding that the father at that time orally asserted a claim of dependency on behalf of himself and other members of his family. It may be said that at that time he was representing his wife and possibly such other members of his family as were in fact dependent upon the deceased at the time of her death. At this hearing no objection was made as to the nonfiling of written claims for dependency, as required by section 28 (Workmen's Compensation Law), in order to effect the operation of the one-year Statute of Limitations. There is some evidence to sustain the findings of the board to the effect that deceased's parents and minor brother were partially dependent upon her earnings at the time of her death (*Matter of Parkinson* v. *Lavina*, 272 App. Div. 841, affd. 297 N. Y. 853). The inclusion of the doubled compensation award under section 14-a of the statute, in the ascertainment of the present value of the balance of the unpaid awards and the direction of the payment of such doubled compensation into the Aggregate Trust Fund, was unauthorized. (*Matter of Stachowiak* v. *O'Rourke Baking Co.*, 280 N. Y. 338.) The decisions and awards are reversed insofar as concerns the computation of the present value of the unpaid balance of the increased compensation awarded to deceased's dependents under section 14-a of the Workmen's Compensation Law, and the claims remitted with directions to modify the decision and awards accordingly, and, as modified, affirmed, without costs. Brewster, Deyo, Bergan and Coon, JJ., concur; Heffernan, J. P., dissents and votes to affirm.