O'MALLEY, Respondent, vs. FRICKE and another, Appellants.

*September 27 — October 20, 1899.*

*Service of summons: Order for publication: Jurisdiction: Collateral attack.*

1. Under sec. 2640, R. S. 1878 (providing that the order directing publication of a summons shall also contain a direction that a copy be deposited in the postoffice addressed to the defendant, or a direction that such deposit may be omitted because the defendant's postoffice address cannot be ascertained), an order for publication containing neither a direction for mailing nor a direction that the mailing may be omitted is fatally defective, and no jurisdiction of the person sought to be served is acquired by the publication.
2. A lack of jurisdiction affirmatively appearing from the record may be taken advantage of upon collateral attack upon a judgment.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This is an action of ejectment for a farm of 122 acres. Both parties claim title under Thomas O'Malley, the plaintiff founding her title upon a decree of divorce between herself and Thomas O'Malley rendered by the circuit court for Sauk county September 14, 1897, and the defendant *Bridget Fricke* founding her title upon a warranty deed executed by Thomas O'Malley to herself December 18, 1897. The principal and controlling question upon the trial was whether the decree in the divorce action was a valid decree and constituted an effective transfer of the title of the land in question to the plaintiff. The court held the decree valid, and from a verdict in favor of the plaintiff the defendants appeal.

*G. Stevens,* for the appellants.

For the respondent the cause was submitted on the brief of *Herman Grotophorst.*

WINSLOW, J. Two contentions are made by the appellants: first, that the order of publication in the divorce action was

void, and hence that no jurisdiction was obtained by the court in that action; and, second, that, even if jurisdiction to render judgment for divorce was obtained, still the court could not transfer the title to real estate when the only service upon the defendant was substituted service.

It seems entirely plain that, following the decision of this court in *Beaupre v. Brigham*, 79 Wis. 436, the order of publication in this case was fatally defective, and hence that no jurisdiction was obtained by the publication of the summons. The statute governing service by publication (sec. 2640, R. S. 1878) provides that the order shall direct the publication of the summons and also contain a direction that a copy of the summons and complaint be deposited in the postoffice, addressed to the defendant, " *or a direction* that such deposit may be omitted because the defendant's postoffice address cannot be ascertained." The order in the present case contained neither a direction for mailing, nor a direction that mailing might be omitted. It avails not to say that it was shown by the affidavit for publication that the defendant's postoffice address could not be ascertained. This is insufficient. There must also be a judicial finding of that fact contained in the order. As this requirement is jurisdictional, the result follows that no jurisdiction was obtained of the defendant by the publication of the summons. The lack of jurisdiction affirmatively appearing from the record, it may be taken advantage of upon collateral attack. *Cody v. Cody*, 98 Wis. 445. This ruling is decisive of the case, and renders unnecessary the consideration of the second question raised by the appellant. A verdict for the defendants should have been directed.

*By the Court.*— Judgment reversed, and action remanded for a new trial.