JOHNSTAD, Appellant, vs. LAKE SUPERIOR TERMINAL &
    TRANSFER RAILWAY COMPANY and another, Respond-
    ents.

*April 24—May 15, 1917.*

*Workmen's compensation: Holding case open for contingencies: Final
    hearing: Award: Judicial review: Injury not impairing wage-
    earning capacity.*

1. An order of the industrial commission finding that an injured em-
    ployee had not suffered any impairment of his earning capacity
    after a certain date and that full compensation had been paid
    up to that date, but stating that, because he might suffer loss of
    earnings in the future on account of his disability, the case
    would be "left open for the statutory period until such contin-
    gency may arise," was a definite decision that up to the time of
    the hearing there was no ground for the allowance of further
    compensation; and it is *held* that there had been a final hearing
    and that the order or award was one which might be reviewed
    under sub. 1, sec. 2394—19, Stats.
2. There is no authority, in such a case, for holding the matter open
    or adjourning for any time other than for a reasonable time as
    provided in sec. 2394—16, Stats.
3. Physical injury not diminishing wage-earning capacity did not en-
    title an injured employee to compensation under the Workmen's
    Compensation Act as it existed in 1913.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court con-
firming the order of the *Industrial Commission* dismissing
the application of plaintiff and denying compensation.

The plaintiff, a married man thirty-seven years of age,
worked for the defendant railway company as boiler-maker
helper and blacksmith at $2.40 per day. He was injured by
a piece of steel penetrating his right arm, and was totally
disabled from the time of the injury, September 30, 1914, to
January 2, 1915, when he returned to work for the defendant
helping take stock and assisting on books and doing other
work. When applicant returned to work his wrist was some-

what stiff, but much of the stiffness had disappeared at the time of hearing. He was left, however, with a permanent partial disability; he has stiffness of the wrist to the extent of fifty per cent. loss of motion thereof, but can use his hand for many kinds of work. He afterwards engaged in the lumber business with a partner. From the date of injury to January 1, 1915, appellant was paid compensation as for total disability and his expenses for medical attendance.

The *Commission* denied compensation. The circuit court confirmed the findings and decision of the *Industrial Commission* and allowed no compensation.

For the appellant the cause was submitted on the brief of *W. P. Crawford* of Superior.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, which brief was joined in by *J. A. Murphy* of Superior, attorney for the respondent *Railway Company;* and the cause was argued orally by *Mr. Gilman* and *Mr. Murphy.*

KERWIN, J. 1. A preliminary question is raised by respondents as to whether the order or award can be reviewed upon this appeal. It is claimed that no review can be had because there was no final hearing, and sub. 1, sec. 2394—19, Stats., is relied upon. We think the contention of counsel for respondents cannot be sustained. It is true that under the order and findings of fact the *Commission* found that had the accident occurred subsequent to July 10, 1915, it would be adjusted on a relative injury basis, the same basis upon which the *Commission* had adjusted accidents of this kind prior to July 10, 1915, and until the Northwestern Fuel Company decision [*Northwestern Fuel Co. v. Industrial Comm.* 161 Wis. 450, 152 N. W. 856] had been rendered. The *Commission* further found that it could not find as a fact that the appellant in the instant case had suffered any

impairment in his earning capacity in a suitable employment subsequent to January 2, 1915, therefore held that the case could not be closed because the appellant might suffer loss of earnings in the future on account of his disability, and that the case would therefore be left open for the statutory period until such contingency might arise. The *Commission,* however, held definitely that up to the time of the trial there was no ground for the allowance of any compensation other than what had been paid, for the reason that after January 1, 1915, up to the time of award there had been no loss of earning capacity. That was the issue presented and tried before the *Commission,* and we are of opinion that on the case tried and determined there was a final hearing and award, therefore there was an order or award to be reviewed.

2. We are also of opinion that the order or award must be affirmed, for the reason that the evidence sustains the findings that at the time of the determination of the matter before the *Commission* the appellant was not entitled to compensation. It appears that on January 2, 1915, appellant returned to work at the same wages he had been receiving before the injury, though in a different line of work, but a suitable employment, and that he continued in such employment until February 20, 1915, at which time he left of his own accord the employment of the *Lake Superior Terminal & Transfer Railway Company* and entered into the retail lumber business with a partner, and that he was earning the same wages as when working full time for the railway company. The evidence fully establishes that after January 2, 1915, there was no loss of earning capacity. This was the test of the right to compensation in the instant case, and, it not having been established that there was a loss of earning capacity, the *Commission* was right in the award. There was no actual loss of any member and the injury occurred prior to the 1915 amendment of the law, therefore there could be no compensation allowed by the *Commission* under

the relative injury clause and no compensation or allowance under the law as it then existed.    Physical injury not diminishing wage-earning capacity did not entitle one to compensation under the law as it existed in 1913.    *Northwestern F. Co. v. Industrial Comm.* 161 Wis. 450, 152 N. W. 856.

Sub. (2) (b), sec. 2394—9, Stats., provides, "If the accident causes partial disability, sixty-five per cent. of the weekly loss in wages during the period of such partial disability."    Sub. 2, sec. 2394—10, Stats., at the time of the injury provided:

"The weekly loss in wages referred to in section 2394—9 shall consist of such percentage of the average weekly earnings of the injured employee, computed according to the provisions of this section, as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident, and other suitable employments, the same to be fixed as of the time of the accident, but to be determined in view of the nature and extent of the injury."

The *Commission* found: "We cannot find as a fact that the applicant in this case has suffered any impairment in his earning capacity in a suitable employment, subsequent to January 2, 1915."    This finding is well supported by the evidence.    We must therefore hold that the award of the *Industrial Commission* was right, and the judgment of the court below affirming the same cannot be disturbed.    *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53; *Northwestern F. Co. v. Industrial Comm., supra; Mellen L. Co. v. Industrial Comm.* 154 Wis. 114, 142 N. W. 187; *Weber v. American S. S. Co.* 38 R. I. 309, 95 Atl. 603.

We also find that there is no authority for holding the case open further than for a reasonable time provided by statute, sec. 2394—16, and there is no authority for adjourning for any time other than as provided by statute, and the order and award herein are final.

*By the Court.*—The judgment appealed from is affirmed; the *Lake Superior Terminal & Transfer Railway Company* to recover costs on this appeal against the appellant.