(No. 12756.—Reversed and remanded.)

THE PEORIA RAILWAY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM W. WADE, Defendant in Error.)

*Opinion filed October 27, 1919—Rehearing denied Dec. 5, 1919.*

WORKMEN'S COMPENSATION—*lump sum award does not prevent employer from filing petition that disability has ended.* Section 9 of the Workmen's Compensation act, allowing lump sum settlements, does not foreclose any rights of the parties to have the award of the Industrial Commission reviewed upon the grounds set forth in paragraph (*h*) of section 19 of the act, and the fact that the employer has not rejected a lump sum award within ten days does not prevent his filing a petition for review on the ground that the disability of the employee has ended.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding.

J. T. HUNTER, G. H. PAGE, and R. J. KAVANAGH, for plaintiff in error.

MANSFIELD & COWAN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Industrial Commission on December 16, 1917, confirmed the award of the arbitrator in favor of William Wade, who was injured in the course of his employment by plaintiff in error, the Peoria Railway Company, on January 2, 1915. Following that confirmation the plaintiff in error paid the compensation awarded, in installments, until the total sum of $830.83 had been paid. On March 25, 1918, the commission, acting upon the petition filed by Wade on March 1, 1918, entered an order commuting the balance of the compensation to a lump sum, amounting to $1227.99. Plaintiff in error did not pay the lump sum awarded and neither party filed a rejection thereof within the ten days provided by section 9 of the Workmen's Compensation act. The unpaid lump sum award was not reduced to judgment. Within eighteen months from the date of the last payment plaintiff in error filed its petition in accordance with the provisions of paragraph (*h*) of section 19 of the Workmen's Compensation act, claiming that the disability of Wade had diminished and ended since the award was made and prayed that the award might be reviewed and payments of compensation ended. On January 9, 1919, the commission sustained the motion filed by Wade on October 8, 1918, to dismiss the petition for review, on the ground that neither party had rejected the order for commutation to a lump sum within ten days after such order was entered. Plaintiff in error sued out a writ of *certiorari* from the circuit court of Peoria county, and upon a hearing that court quashed the writ for the same reason assigned by the Industrial Commission and certified that the cause is one proper to be reviewed by this court.

The only question involved in this case is whether or not a petition for review of an original award for compensation payable in installments can be maintained under paragraph ($h$) of section 19 of the Compensation act where such petition for review is filed within eighteen months of the original award and after an order for commutation to a lump sum has been entered by the Industrial Commission and not rejected by either party within ten days.

Because of the recognized inability of the medical profession to forecast with certainty the results of an injury causing partial disability, as well as their inability many times to determine whether or not the disability is temporary or permanent or to determine the exact extent of the injury, the law-making power of the State has fixed a period of eighteen months within which such results may be determined with reasonable certainty. A review of the award or agreement within that period enables the Industrial Commission to determine from the evidence, with some degree of certainty, the true extent of the injury. Defendant in error contends that section 9 of the Compensation act is to be interpreted so that if the parties under the act have the award commuted to a lump sum where such award is payable in installments, and neither party rejects the lump sum award so made within the time provided by that section, (ten days,) such award of a lump sum is a final disposition of the claim, and that in such case it must be paid without regard to the question whether or not the injury has recurred, increased, diminished or ended.

Paragraph ($h$) of section 19 provides: "An agreement or award under this act, providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the Industrial Board at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review, compensation payments may be re-

established, increased, diminished or ended." We think the clear meaning of said paragraph is that wherever the statute provides for the payment of an award by installments, any agreement or award subject to review under such statute may be reviewed within eighteen months from the date of the agreement or award on the ground aforesaid and on the filing of the petition as aforesaid, either before or after such award has been commuted to a lump sum agreement. Section 9 of the Compensation act, allowing lump sum settlements, contains no language that forecloses any right of the parties to have the award of the commission reviewed upon the grounds set forth in paragraph (*h*) of section 19 of the same act. Section 9 merely intended to give the parties the benefit of cash payments in lump sums instead of carrying the award as an obligation to be paid in continuous installments. The payment of such a lump sum settlement by the employer would not estop the employee to file his petition, under paragraph (*h*) of section 19, for a recurring and increased injury as therein provided. (*Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194.) In the case just cited there was a lump sum agreement between the parties and this agreement was approved by the Industrial Commission, and it was held in that case that that was such an agreement as could be reviewed under paragraph (*h*) of section 19 although the lump sum agreed on had already been paid. Paragraph (*h*) is for the mutual advantage of both employer and employee, and the same rule applied in favor of the employee must be applied in favor of the employer.

The Industrial Commission erred in sustaining the motion to dismiss the petition for review and the circuit court erred in quashing the writ of *certiorari*. The judgment of the circuit court is reversed and the cause remanded, with directions to remand the cause to the Industrial Commission for a hearing on plaintiff in error's petition.

*Reversed and remanded, with directions.*