In the Matter of the Claim of LOTTIE BECKER, Respondent, against TAYLOR & COMPANY, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1926.

**Workmen's compensation — award — lump sum to widow to purchase house denied.**

It was improper to award to the claimant, a widow of an employee, a lump sum for the purpose of purchasing a house for $14,750, which after the lump sum awarded was paid thereon would leave a balance due of over $6,000, for the facts do not show that it would be in the interest of justice to make the award; only exceptional circumstances can justify a departure from the general principle of periodical payments of compensation.

APPEAL by Taylor & Company, Inc., and another from an award of the State Industrial Board, made on the 24th day of November, 1925, commuting a former award to the claimant to a lump sum payment.

*Bacon & Tippett* [*Clarence B. Tippett* of counsel], for the appellants.

*Arthur H. Wheaton* for the claimant, respondent.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the State Industrial Board.

PER CURIAM.    The commutation was made for the purpose of enabling the claimant, a widow aged thirty-six years, with two children aged ten and six years, to purchase a three-family house in the city of Brooklyn.

The property under consideration is to be purchased for $14,750, on account of which $8,000 or practically all of the commuted award is to be applied, leaving thereon a first mortgage of $6,000 at five and one-half per cent interest and a second mortgage of $750 at six per cent interest.    The annual interest payments, therefore, are to be $375.    The taxes are $270, the insurance $20 and the cost of lighting halls $12.    The foregoing total annual charges amount to

$677.   The property is at present rented at the rate of $1,680 annually, or about $1,000 in excess of the above-mentioned charges. The weekly compensation of the respondent amounts to $540 annually, or $460 less than she would receive from the net income of the property if the foregoing figures are complete.   But no allowance has been made for repairs and it is assumed that the property will be constantly rented as at present.   No evidence was offered in respect to these matters except that there is evidence that the property " is in fairly good condition."   There is no other circumstance materially affecting the situation.   Claimant will save nothing in the way of rent over what she now pays.   Only exceptional circumstances can justify a departure from the general principle of periodical payments of compensation.   On the evidence presented any substantial advantage to the claimant of a lump sum award is not apparent and it cannot be said to be in the interest of justice.

The award should be reversed and matter remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.