[Civ. No. 6241. First Appellate District, Division One.—May 22, 1928.]

UNITED DREDGING COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and OLLIE KOPKE, Respondents.

R. P. Wisecarver and Redman & Alexander for Petitioners.

G. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission. In a proceeding filed with such Commission against United Dredging Company and its insurance carrier, the Ocean Accident and Guarantee Corporation, Ollie Kopke alleged that she was the surviving widow of Joseph Kopke, an employee of petitioner Dredging Company, and that her husband while employed by such company as an electrician's helper fell off a barge upon which he was working and was drowned. Petitioners herein appeared by answer and denied the jurisdiction of the Commission, alleging in effect that at the time of his death deceased was a member of the crew of a vessel afloat in navigable waters and that the case was one under admiralty jurisdiction. They further denied that the death arose out of and in the course of the employment. ▮ Hearing was had and it appeared in evidence that the deceased, who was 22 or 23 years of age, was employed as an electrical helper, deck-hand and all-around man on a dredger operated by United Dredging Company, which was dredging in the navigable waters of San Francisco Bay and particularly in that part known as Richmond Inner Harbor. The dredger was operating in water varying in depth from 21 to 31 feet and was proximately 700 feet from the shore. The dredger was anchored and was used to suck up the bed of the bay and pump it on the adjacent land. From one corner of the dredger, in the direction of the shore, there ran a line of pontoons, on which lay a pipe through which the dredgings were pumped. On the day the employee met his death he had gone to work about 8 o'clock in the morning and he was due to quit about 4:30 P. M. Part of the duties of the deceased were to take the men employed on the barge back and forth from the dredger to the shore. The skiff used by the deceased for this purpose was tied on the side of the first pontoon. In order to reach the skiff from the dredger, it was necessary to walk a distance of about 12 feet along a 14-inch plank, which was fastened to the dredging pipe running from the dredger to the first pontoon. On the day in question Kopke was directed by one Sundeen, his immediate superior, to prepare the boat to take him and another employee to shore. Sun-

deen remained in the engine-room changing some of his clothes and when he arrived upon deck he discovered Kopke missing. The last seen of him alive was when he was leaving the engine-room going outside to the outer part of the dredger. At that time he was walking toward the skiff. Investigation was made and a cap was noticed floating on the water. Further search resulted in the finding of the body about midnight. It was in evidence that death was caused from drowning. On the twenty-eighth day of September, 1927, the Commission made and entered its findings and award, wherein it granted to respondent Ollie Kopke a full benefit of $4,596 against petitioners herein and specially found that the accident occurred as follows:

"While proceeding to get ready a skiff which, under order of a superior, he was to row ashore from the dredger upon which he was employed, he accidentally fell overboard into deep water and was drowned."

Thereafter petitioners asked for a rehearing, in which it was particularly set forth that the facts showed without contradiction that the case was one within the jurisdiction of admiralty; that the deceased was a member of a crew of the vessel and therefore subject to that jurisdiction and not to the jurisdiction of the Industrial Accident Commission. This petition was denied and the present proceeding followed. The same contention is here made as was made before the Commission. We are of the opinion that the question of jurisdiction in cases of this character has been definitely settled by recent decisions of our supreme court. The labor which deceased was performing at the time he met his death was not so directly connected with navigation and commerce that to permit the rights of the parties to be controlled by the local law would interfere with the essential uniformity of the general maritime law, as it was local in character. (*Alaska Packers Assn.* v. *Industrial Acc. Com.*, 200 Cal. 579 [253 Pac. 926]; Id., 275 Pac. 512 [48 Sup. Ct. Rep. 346]; *Oakland* v. *Industrial Acc. Com.*, 198 Cal. 273 [244 Pac. 353]; *London Guarantee and Acc. Co.* v. *Industrial Acc. Com.*, 203 Cal. 676 [265 Pac. 825].) ■ Nor is there any merit in the further claim that the award is based on speculation, there being no evidence to show the exact manner in which deceased met his death, or that anything arising out of the employment proximately caused it. An

award may be based upon circumstantial evidence. Probabilities established by the evidence support inferences in favor of the employee and inferences may support the award. The Commission was therefore entitled to draw the inference from the facts proved that deceased accidentally fell overboard and met his death from drowning. ▪ And finally, petitioners claim that the award is illegal because of the fact that it carries interest charges. No objection was made to the award in this particular upon rehearing, the point being raised for the first time in this proceeding. However, as the interest clause is separable from the award of compensation, it is unnecessary to remand the proceedings for further action by the Commission. (*Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 202 Cal. 521 [261 Pac. 987].)

The award of compensation is affirmed. The order providing for interest is annulled.

Knight, J., and Parker, J., *pro tem.*, concurred.