[File No. 6008.]

CHRIS B. HANSON, Respondent, v. NORTH DAKOTA WORK-MEN'S COMPENSATION BUREAU, Appellant.

(248 N. W. 680.)

Opinion filed May 20, 1933.

*Thomas J. Burke,* for appellant.

*Lemke & Weaver*, for respondent.

482

BIRDZELL, J.    Upon an appeal to the district court of Cass County from action of the board of compensation commissioners, the claimant Hanson obtained an award.    From the judgment in his favor, an appeal was taken to this court.    Hanson v. North Dakota Workmen's Comp. Bureau, 60 N. D. 220, 233 N. W. 900.    Upon that appeal the judgment was attacked upon the ground that no order had been made

by the commissioners from which an appeal to the district court was authorized. No other question concerning the judgment or award of the district court was raised. This court affirmed the judgment. The judgment provided as follows:

"That the plaintiff have and does hereby have and recover from the defendant compensation at the rate of $20.00 per week from September 28, 1920, together with interest thereon at the rate of 6% per annum and which compensation amounts to the sum of $12,281.10; further that he recover of the defendant his costs and disbursements as have been taxed and allowed by the Clerk of the above named Court in the sum of $332.50; further that the plaintiff recover from the defendant the sum of $500.00 as and for attorneys fees for his attorneys Lemke & Weaver, making a total judgment in the sum of $13,113.60 that the plaintiff does hereby have and recover of the defendant."

A new judgment was entered on the remittitur on January 5, 1931, for $13,113.60, plus $37 costs, together with interest at the rate of six per cent per annum on the prior judgment from December 26, 1929, until paid. Thereafter in January, 1931, the defendant paid a very substantial amount, apparently as compensation (the record before us is not clear as to the amount), and placed the plaintiff upon the "pension roll" for the payment of $20 per week for life but subject to the limitation in the Workmen's Compensation Act, which fixes $15,000 as the maximum amount payable from the fund under any award. The plaintiff brought the instant mandamus proceeding to compel the payment of the balance of the judgment and obtained a peremptory writ. The defendant appeals.

The basic contention of the appellant here is that the award made by the judgment of the district court, which was affirmed in this court, is subject to modification by the workmen's compensation commissioners to the end that it may be made to conform to the law in respect to matters embraced within it which were not questioned on the former appeal. More specifically, the appellant questions so much of the judgment as is represented by interest on unpaid compensation prior to the making of the award.

The appellant concedes that, if the action of the court in awarding interest was erroneous merely and did not transcend the jurisdiction of the court, the judgment became final; but it is argued that the court

had no jurisdiction to impose interest and that, consequently, the judgment including it was to that extent void and is, hence, subject to collateral attack, though subsequently affirmed by this court. Upon the hypothesis that the foregoing contentions be not sustainable, the further contention is advanced that under the continuing jurisdiction, provided for in § 18 of the Compensation Act, the commissioners "have the right to review and disregard said judgment upon the matter of interest, or upon any other matter going to the administration of the act, except Hanson's right to participate in the fund."

Section 396a17, 1925 Supplement to the Compiled Laws of 1913, in providing for judicial review in cases where a claim is denied upon any ground going to the basis of the claimant's right, makes it the duty of the court to "determine the right of the claimant; and if it determines the right in his favor, (it) shall fix his compensation within the limits prescribed in this act;" and then it is provided that any final judgment so obtained shall be paid by the Workmen's Compensation Bureau out of the workmen's compensation fund in the same manner as awards are paid by such bureau. This language is so plain that argument is not needed to demonstrate that the jurisdiction of the court to fix compensation in any case properly before it is as extensive as the jurisdiction of the bureau. It does not contemplate additional proceedings before the bureau affecting matters determined in a final judgment. The duty of the bureau is to pay such judgment as it pays its own awards. We shall hereinafter consider the scope of the continuing jurisdiction of the bureau in such cases. The first question is the extent to which the judgment of the court is binding.

It is said that the act nowhere provides for the allowance of interest as part of the compensation to be awarded, and that hence the court, in awarding it, acted beyond its jurisdiction in that it did not fix the compensation "within the limits prescribed" by the act. The duty of the court to fix compensation necessarily involves a judicial determination of the limit prescribed for the case in hand and, inasmuch as the act defines the measure of the compensation, the court, in applying such measure, under the appellant's argument, determines a question of jurisdiction. If it be assumed, then, that the court exceeds the jurisdiction conferred when fixing a measure of compensation in excess of that provided in the law, it errs in the decision of a jurisdictional

question. In entering up its judgment, the court could not avoid defining the limit of the claimant's compensation. If it thought that a prescribed measure of compensation had been unduly withheld and that therefore the general statute (Comp. Laws 1913, § 7142), under which interest is recoverable as compensatory relief, was applicable, it would at most have made an erroneous decision as to the measure of the recovery, or it would have misconstrued the power intended to be conferred—but not the power to decide the question as to the measure of compensation.

Jurisdiction is the power to decide and it does not depend upon whether the decision be right or wrong. 15 C. J. 729; Christenson v. Grandy, 46 N. D. 418, 426, 180 N. W. 18; Calhoun v. Bryant, 28 S. D. 266, 133 N. W. 266. The following expression from the opinion of the court in Calhoun v. Bryant, supra (page 271 of the state report and page 269 of the Northwestern Reporter) aptly expresses the doctrine applicable to the case in hand: "When parties are before the court and present to it a controversy which the court has authority to decide, a decision not necessarily correct, but appropriate to that question, is a proper exercise of judicial power or jurisdiction. So far as the jurisdiction itself is concerned, it is wholly immaterial whether the decision upon the particular question be correct or incorrect. Were it held that a court had 'jurisdiction' to render only *correct* decisions, then, each time it made an erroneous ruling or decision, the court would be without jurisdiction, and the ruling itself void. Such is not the law, and it matters not what may be the particular question presented for adjudication, whether it relate to the jurisdiction of the court itself, or affects substantive rights of the parties litigating; it cannot be held that the *ruling* or decision itself is without jurisdiction, or is beyond the jurisdiction of the court. The decision may be erroneous, but it cannot be held to be void for want of jurisdiction."

In Christenson v. Grandy, supra, this court said (page 427 of the state report): "The United States Supreme Court has said that the jurisdiction of the court can never depend upon its decision of the merits of the case brought before it, but upon its right to hear and decide it at all (Ex parte Watkins, 7 Pet. 568, 572, 8 L. ed. 786, 788); that 'jurisdiction is authority to decide the case either way.' . . . 'Jurisdiction is the power to hear and determine a cause, and carries

with it the power to decide a cause within the jurisdiction of the court incorrectly as well as correctly, and it does not relate to the rights of the parties, but to the power of the court.' Dahlgren v. Superior Ct. 8 Cal. App. 622, 97 Pac. 681. 'The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong.' "

We are of the opinion that the case now before us is controlled by these principles. The court had jurisdiction to determine the measure of compensation to be embraced in the judgment and its decision thereon is not void by reason of employing a wrong measure and is not subject to collateral attack.

It appears affirmatively here, as previously stated, that upon the former appeal from the judgment no question was raised concerning the allowance of interest. In the tenth conclusion of law the court had expressly declared that interest should be allowed at the rate of 6 per cent per annum. The making of this conclusion was specified as error, but, inasmuch as the specification was not argued, it must be regarded as having been waived. This item then became a part of the final judgment, and, whether rightly or wrongly included, it is now res judicata.

Is this judgment subject to modification by the bureau in the exercise of its continuing jurisdiction? We are of the opinion that this question must be answered in the negative.

As above stated, § 17 of the Act clearly contemplates that the court shall make an award in the form of a final judgment, and it expressly declares the duty of the bureau to pay such judgment. It will be noted that § 18, in conferring a continuing jurisdiction on the bureau, does not purport to give authority to undo that which has been finally determined. It merely authorizes a review of the award, and, in accordance with the facts found on such review, the bureau "may end, diminish, or increase the compensation previously awarded, . . ." That is to say that, in accordance with facts later found to exist, it may cease to make payments falling due in the future under awards previously made, or it may diminish or increase such compensation. This does not qualify the obligation of the bureau expressed in the preceding section to pay a final judgment in the same manner as awards are paid by the bureau.

In the case of Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663, this court considered the section authorizing a final judgment in relation to the section authorizing a continuing jurisdiction, and it said (page 932 of the state report): ". . . after the determination of such right and of the compensation, the continuing obligations and duties of the bureau remain applicable in administering the right and in disbursing the compensation, pursuant to the act and pursuant to the powers and authority conferred upon the bureau. . . . This does not mean that the bureau would possess, after such judgment, the right to deny or reverse the right of the claimant thus established upon appeal, but it does mean that the bureau, after such judgment, may increase or diminish the award, or may award a lump sum, all pursuant to and consistent with the judgment rendered and the continuing obligations and duties imposed upon the bureau."

Where a judgment is entered for a lump sum as a compensation award to the date of the judgment, or where the judgment roll affirmatively shows that a sum is included in the award as interest, it could scarcely be contended that action subsequently taken by the bureau reducing or modifying the judgment in either respect would be consistent with the judgment rendered. This is not to say, of course, that the bureau does not have power and authority to exercise its continuing jurisdiction with respect to matters not covered by the judgment, such as a change in the physical condition of the claimant.

Section 17 of our law was taken from the Ohio statute. There it is held that the judgments of the courts entered under such section are not subject to collateral attack in the courts, nor to modification by the bureau under its continuing jurisdiction, though they be incorrect. In State ex rel. Gavalek v. Industrial Commission, 100 Ohio St. 399, 126 N. E. 317, it appeared that upon an appeal from action of the industrial commission the claimant recovered a lump sum judgment in court, which was allowed to become final. The respondent declined to pay the judgment, and mandamus proceedings were instituted. In its answer the respondent attributed its refusal to pay the judgment to the neglect and failure of the relator (the claimant) to furnish information necessary to enable the commission to determine the amount of payments to be made from time to time, as provided in the law. A

demurrer was sustained to this answer, the court holding that, though a lump sum judgment was erroneous, where such judgment becomes final it is not subject to collateral attack. The following expresses the holding in this respect (page 402 of the state report):

"It is a collateral attack on such judgment, both as to form and substance. It is now too late to make any such attack. The award as made by the jury in the form that it was made must remain as a final determination of the rights of the parties, and the provisions of Section 1465-86 are not such as to authorize the commission to exercise its continuing jurisdiction to modify the judgment so rendered.

"The case presented is similar to one wherein the commission had rendered its own award to be paid periodically, and had thereafter commuted these payments into a lump sum and directed payment. Under such circumstances, the jurisdiction of the board having been finally and fully exercised, its power to modify has been terminated."

In State ex rel. Davidson v. Industrial Commission, 112 Ohio St. 553, 148 N. E. 100, the provision of the statute, declaring that any final judgment obtained in court upon an appeal from the industrial commission should be paid out of the fund in the same manner as awards are paid by the commission, was construed as conferring upon the commission only the power to carry such judgment into execution and that the commission could not sit in review upon the judgment. In our opinion these decisions represent a sound construction of §§ 17 and 18 of our Workmen's Compensation Law, which sections are in all substantial particulars identical with the provisions of the Ohio law relating to the questions considered in this case and the two cases referred to. The continuing jurisdiction of the bureau must be exercised in a manner consistent with the judgment. It is another and different question whether the judgment properly should not have excluded interest.

The answer to the petition in the instant case shows that the defendant relies upon the limitation contained in chapter 286 of the Session Laws of 1927 and chapter 260 of the Session Laws of 1929, in which it is provided that if the injury cause temporary or permanent disability the fund shall pay to the disabled employee a certain portion of his weekly wage, concluding with the proviso *"that if the disability be permanent total disability, the total amount payable shall not exceed*

*($15,000) fifteen thousand dollars."* The conclusions of law of the trial court are to the effect that the applicability of this amendment need not be decided and that so far as the question of interest which was embraced in the judgment is concerned, it could not be deducted from the maximum amount of $15,000. This cause has long been in controversy, as is evidenced by the former appeals and the fact that it is still pending. This is a mandamus proceeding. In view of the reliance upon the statute fixing the limitation and of the fact that the total amount paid and to be paid may now or will soon approximate the maximum limitation, if it is applicable, we deem it proper to decide this question. The limitation contained in the statute is stated in broad terms. It clearly means that not more than $15,000 is to be paid out of the fund on account of any permanent total disability. The judgment is payable out of the fund and is payable to the claimant on account of permanent total disability.

A claimant does not have a vested right in the fund to the extent of the full amount of compensation as it may be determined by the law existing at the time of his injury. See Wirtz v. Nestos, 51 N. D. 603, 200 N. W. 524. The amount that may be paid to him may well be affected by legislation designed to secure the rights of all the persons in whose interest the fund is created. In our opinion, it was competent for the legislature to impose a maximum applicable to claims which were pending, as well as to those subsequently arising. We think the language employed indicates that the legislature has done so in the statutes referred to. While the judgment in the instant case purports to award interest, it does so as a measure of the compensation to which the claimant is entitled on account of his permanent disability. For the reasons stated above, we are not concerned with the question as to whether or not the plaintiff (the claimant) was legally entitled to recover interest. The judgment is final and we do not decide the question. But, clearly, any amount embraced in the judgment as payable to the plaintiff on account of his permanent total disability is within the maximum limitation, though a portion of it be denominated interest. Therefore, the writ should not include interest on unpaid compensation so as to require the payment to the claimant of an amount in excess of $15,000 on account of his disability.

The cause is remanded to the district court for further proceedings not inconsistent with this opinion.

BURR, J., concurs.

NUESSLE, Ch. J. I concur in the result but express no opinion as to the proposition enunciated in the sixth paragraph of the syllabus.

CHRISTIANSON, J. I have found much difficulty with the questions involved on this appeal. It is sought here to compel the North Dakota Workmen's Compensation Bureau to pay a judgment which was affirmed in this court. In the very nature of things the judgment cannot be enforced by execution; but it must be enforced by mandamus. The question which has caused me the greatest difficulty is whether, in these circumstances, the court can go behind the judgment and, if it is found to be unwarranted by law, refuse to enforce the judgment, notwithstanding its final character. There is much to be said in favor of an affirmative answer to this question. A majority of the court, however, have decided that the judgment is subject to the same rules as other final judgments, and that the plaintiff is entitled to the appropriate process for its enforcement; and the Ohio decisions cited in the opinion prepared by Mr. Justice Birdzell doubtless sustain this view. My mind is not free from doubt as to the correctness of this holding. The question, however, has received the most careful consideration of all the members of this court and I shall content myself by merely stating my doubt. In the instant case the result will probably not be materially different whichever view was adopted as the amount payable to the plaintiff is in any event limited to an aggregate sum of $15,000; for I agree with the views expressed in the opinion prepared by Mr. Justice Birdzell, that the limitations of chapter 286, Laws 1927, and chapter 260, Laws 1929, apply to this case and control the amount payable to the plaintiff here.

BURKE, J. I dissent, as it is clear to me that the court exceeded its jurisdiction when it allowed interest.

In February, 1921, the Workmen's Compensation Bureau denied compensation to the plaintiff and on appeal the order denying com-

pensation was affirmed, both in the district and supreme court. Hanson v. North Dakota Workmen's Comp. Bureau, 56 N. D. 525, 218 N. W. 215. Applications were thereafter made to the bureau for a rehearing, all of which were denied, and on appeal to the district court judgment was, on the 26th day of December, 1929, entered in favor of the plaintiff and against the defendant for compensation at the rate of $20 per week from the day of the injury, with interest at the rate of 6 per cent per annum, together with costs and disbursements. On appeal to this court the judgment was affirmed. Hanson v. Workmen's Comp. Bureau, 60 N. D. 220, 233 N. W. 900.

On January 7, 1931 the defendant paid upon said judgment the sum of $10,120 but refused to pay the interest. The trial court in its findings of fact and conclusions of law separates the interest from the compensation and states specifically that the interest is no part of the compensation and cannot be deducted therefrom for the reason that the interest is no part of the compensation but is the penalty that the defendant should be compelled to pay because of the use of the plaintiff's money during the time that it refused to pay compensation and has no bearing upon the amount of the compensation.

In his brief counsel for respondent states that the bureau has paid the said judgment except the sum of $3,916.50, which last sum consists of $3,584.00 interest allowed the plaintiff in said action in the lower court in its judgment and the further sum of $332.50 taxed and allowed as costs. The defendant does not interpose any defense against the unpaid costs for $332.50 and it was clearly within the jurisdiction of the court to allow costs and the costs should be paid or the writ should issue.

In the case of Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663, this court reviews at considerable length the Workmen's Compensation Act. In that case the question before the court was the power of the court to order judgment for a "lump-sum." The decision shows that the original jurisdiction is in the bureau and that all its decisions within its jurisdiction are final and conclusive; that in compensation cases the courts are deprived of all jurisdiction except as specifically granted in the compensation act; that all decisions of the bureau are final and conclusive, except upon the question of the claimant's right to participate in the fund at all; that

is, if the claimant has been denied the right to participate in the fund, he may, under § 396a17 "within thirty (30) days after the notice of the final action of such bureau . . . appeal (to) the district court;" that the appeal is not a civil action but a special proceeding pursuant to the compensation act. That "when an appeal is taken from the decision of the bureau, the court is empowered to determine two things: 'The right of the claimant, and, if established, the fixing of the compensation within the limits prescribed in the act.'" The court points out specifically that by § 3g "A maximum is fixed for the compensation to be paid weekly," and the maximum amount is $20 per week and when the court says: "When an appeal is taken from the decision of the bureau, the court is empowered to determine two things: 'The right of the claimant, and, if established, the fixing of the compensation within the limits prescribed in the act,'" it certainly means that the court, after determining that plaintiff has a right to participate in the fund, only has power to fix the compensation "within the limits prescribed in the act" and cannot exceed the maximum of $20 per week. We quote from the opinion as follows: "Accordingly, we are of the opinion, that upon an appeal from the decision of the bureau, the court has the power to determine *the right of the claimant and to fix the compensation within the limits prescribed in the act;* that, after the determination of such right and of the compensation, the continuing obligations and duties of the bureau remain applicable in administering the right and in disbursing the compensation, pursuant to the act and pursuant to the powers and authority conferred upon the bureau. *Further, that the express power to make a lump award, or to ascertain its necessity, is not conferred upon the court, and therefore, it is not possessed.*" This is a specific holding that the court was without power to order judgment in a lump-sum and if it was without power it was without jurisdiction of the subject-matter. The court continues: "This does not mean that the bureau would possess, after such judgment, the right to deny or reverse the right of the claimant thus established upon appeal, but it does mean that the bureau, after such judgment, may increase or diminish the award, or may award a lump sum, all pursuant to and consistent with the judgment rendered and the continuing obligations and duties imposed upon the bureau."

What does this language mean? To what does it refer when the

court says: "This does not mean that the bureau would possess, after such judgment, the right to deny or reverse the right of the claimant thus established?" That, of course, means establishing the right to participate in the fund at all. Two things are mentioned: first, the establishment of the right to participate in the fund at all, and, second, if that is determined favorably, then the court fixes the compensation within the limits of the act.

It is clear that when the court says: "This does not mean that the bureau would possess, after such judgment, the right to deny or reverse the right of the claimant thus established" that it means the right established to participate in the fund at all; that having once been established it cannot be taken away as long as it exists. The bureau cannot arbitrarily take it away, but if the claimant recovers or is cured, or gets better or worse, the bureau, under its continuing jurisdiction, may increase, diminish, discontinue or end the award as the administration of this great trust fund demands. This construction is clearly expressed in the case of Crandall v. North Dakota Workmen's Comp. Bureau, 53 N. D. 636, 207 N. W. 551 at page 554 as follows: *"The judgment becomes conclusive upon the bureau only upon the jurisdictional question of the right of the claimant to participate in the fund at all. And the award made by the court in the judgment is subject to the continuing jurisdiction vested in the Compensation Bureau."*

The jurisdiction of the courts, in compensation cases, is limited to that expressly granted in the act and as no power was expressly granted to the courts to order judgment for a lump-sum the power did not exist. Since the power did not exist, the court was powerless to act and could not order judgment under the law except for the weekly award limited by the act, and which could not exceed the maximum of $20 per week. The compensation act creates a new right of action not existing at common law. Bussey v. Bishop, 169 Ga. 251, 150 S. E. 78, 67 A.L.R. 287. "The . . . Industrial Board or Commission . . . possesses only such authority or powers as have been conferred on it by express grant." 2 Schneider, Workmen's Comp. Law, 2d ed. § 555, page 2007; Johnstad v. Lake Superior Terminal & Transfer R. Co. 165 Wis. 499, 162 N. W. 659; Re Lavangie, 228 Mass. 213, 117 N. E. 200.

In the case of Obert Salhus for a writ of habeas corpus decided at.

this term of court, ante, 238, 247 N. W. 401, Salhus was sentenced by a justice of the peace to serve thirty days in jail, pay a fine of one hundred dollars and costs and to serve one day for each two dollars of said fine, in case of default in the payment of the fine. The petitioner served the full thirty days of the jail sentence and then made application for a writ of habeas corpus upon the ground that the judgment requiring the defendant to serve one day for each two dollars of the fine, if it was not paid, was in excess of the jurisdiction of the court. In this case the court had jurisdiction over the subject matter of the offense, of the defendant and had power to sentence but he included within the sentence additional imprisonment in payment of the fine, which was in excess of his jurisdiction under the statute and that part of the judgment in excess of the court's jurisdiction was not voidable but void. See State ex rel. Smith v. Lee, 53 N. D. 86, 205 N. W. 314; Ex parte Lange, 18 Wall. 163, 21 L. ed. 872; Ex parte Selig, 29 N. M. 430, 223 Pac. 97; State ex rel. Hinrichs v. Lockwood, 155 Minn. 263, 193 N. W. 113; Devault v. Sampson, 114 Kan. 913, 221 Pac. 284; Re Wignall, 193 Cal. 387, 224 Pac. 452.

"If (a court) render a judgment or decree which is within its authority as to part only, but includes also that which is not within its power, the excess will be a nullity, and, if the valid and invalid parts are independent of each other, the whole will not be void, but only such part as is in excess of the powers of the court." 1 Bailey, Jurisdiction, § 22, p. 20.

" 'It matters not what the general powers and jurisdiction of a court may be, if it act without authority in the particular case its judgments and orders are mere nullities; not voidable, but simply void, protecting no one acting under them, and constituting no hindrance to the prosecution of any rights.' " 1 Bailey, Jurisdiction, § 29, p. 27; Elliott v. Peirsol, 1 Pet. 328, 7 L. ed. 164; Ex parte Kearny, 55 Cal. 212; Ex parte Lange, 18 Wall. 163, 21 L. ed. 872; Ex parte Milligan, 4 Wall. 2-131, 18 L. ed. 281-299; Ex parte Wilson, 114 U. S. 417, 29 L. ed. 89, 5 S. Ct. 935; Re Pierce, 44 Wis. 411.

In the case of Ex parte Lange, 18 Wall. 163, 21 L. ed. 872, supra, the United States Supreme Court quoted at length from the case of Bigelow v. Forrest, 9 Wall. 339, 19 L. ed. 696, "In that case, under the confiscation acts of Congress, certain lands of French Forrest had

been condemned and sold, and Bigelow became the holder of the title conveyed by those proceedings. After Forrest's death his son and heir brought suit to recover the lands, and contended that under the joint resolution of Congress, which declared that condemnation under that act should not be held to work a forfeiture of the real estate of the offender beyond his natural life, the title of Bigelow terminated with the death of the elder Forrest.

"In opposition of this it was argued that the decree of the court confiscating the property in terms ordered *all* the estate of the said Forrest to be sold, *and that though this part of the decree might be erroneous, it was not void*. Here was a cause of proceeding in rem where the property was within the power of the court, and its authority to confiscate and sell under the statute beyond question; but the extent of the power was limited by the statute. The analogy of the case before us seems almost perfect. In that case the court said: 'It is argued, however, on behalf of the plaintiff in error that the decree of confiscation of the District Court of the United States is conclusive, that the entire right, title and interest of French Forrest was condemned and ordered to be sold; and that as his interest was a fee simple that entire fee was confiscated and sold. Doubtless, a decree of a court having jurisdiction to make the decree cannot be impeached collaterally, *but under the act of Congress the district court had no power to order a sale which should confer upon the purchaser rights outlasting the life of French Forrest. Had it done so it would have transcended its jurisdiction.'* The doctrine of that case is reaffirmed in the case of Day v. Micou at the present term (18 Wall. 156, 21 L. ed. 860), where it is said that in Bigelow v. Forrest 'we also determined that nothing more was within the jurisdiction or judicial power of the district court (than the life estate), and that consequently a decree condemning the fee could have no greater effect than to subject the life estate to sale.'

"But why could it not? Not because it wanted jurisdiction of the property or of the offence, or to render a judgment of confiscation, but because in the very act of rendering a judgment of confiscation it condemned more than it had authority to condemn. In other words, in a case where it had full jurisdiction to render one kind of judgment, operative upon the same property, it rendered one which included that

which it had a right to render, and something more, and this excess was held simply void."

The boundary line between an error of judgment and the usurpation of power is this: the former is reversible by an appellate court within a certain fixed time, and is therefore only voidable, while the latter is an absolute nullity. Voorhees v. Jackson, 10 Pet. 449, 9 L. ed. 490; Evans v. Percifull, 5 Ark. 424; Ex parte Woods, 3 Ark. 532; Paine v. Mooreland, 15 Ohio, 435, 45 Am. Dec. 585; Wilson v. Schaefer, 107 Tenn. 300, 64 S. W. 208; Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909.

"Excess of jurisdiction, as distinguished from the entire absence of jurisdiction, means that the act, although within the general power of the judge, is not authorized, and therefore void, with respect to the particular case, because the conditions which alone authorize the exercise of his general power in that particular case are wanting, and hence the judicial power is not in fact lawfully invoked." 15 C. J. 729, § 24.

Jurisdiction is a subject which relates to the power of the court and not the rights of the parties as between themselves. In other words, the merits of the case are not invoked. The only question involved is the power of the court. 15 C. J. pages 724, note J. and 726; 15 C. J. 733, § 31; Re Bonner, 151 U. S. 242, 38 L. ed. 149, 14 S. Ct. 323, and cases cited. "Jurisdiction cannot be conferred by consent, agreement, or waiver." 15 C. J. 802, § 101; 33 C. J. 1075, 1076, §§ 36, 37 note a.

"While a court may have jurisdiction of the parties to the action, and for certain purposes or to a certain extent may be authorized to determine some of the issues in controversy, yet if it goes beyond the bounds of its authority, its decision as to these matters not within its jurisdiction cannot acquire the force of res judicata." 1 Freeman, Judgm. 4th ed. § 264, p. 480.

"If a court grants relief which, under no circumstances it has any authority to grant, its judgment is to that extent void; as where it orders a donation out of the public treasury." 1 Freeman, Judgm. 4th ed. pp. 176, 183, 196, §§ 116, 120, 120c; Freeman, Judgm. 5th ed. § 354.

"A void judgment is, in legal effect, no judgment. By it no rights

are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void." 1 Freeman, Judgm. 4th ed. p. 177, § 117; 1 Freeman, Judgm. 5th ed. § 322, pp. 643 and 644.

"For it is the power or authority behind a judgment, rather than the mere result reached, which determines its validity and immunity from collateral attack. A wrong decision made within the limits of the court's authority is error correctable on appeal or other direct review, but a wrong, or for that matter a correct, decision where the court in rendering it oversteps its jurisdiction and power is void and may be set aside either directly or collaterally. Such excess of authority or power is akin to a want of jurisdiction over the subject matter." 1 Freeman, Judgm. 5th ed. § 354; People ex rel. Arkansas Valley Sugar Beet & Irrig. Land Co. v. Burke, 72 Colo. 486, 212 Pac. 837, 30 A.L.R. 1085; Crew v. Pratt, 119 Cal. 139, 51 Pac. 38; Re Woolley, 96 Vt. 60, 117 Atl. 370; Hurr v. Davis, 155 Minn. 456, 193 N. W. 943, 194 N. W. 379; 1 Freeman, Judgm. § 337.

In Harrigan v. Gilchrist, 121 Wis. 127, at page 224, 99 N. W. 909, 932, the court said: "A challenge to the jurisdiction of the trial court of the subject matter of the action is proper at any time; and, without the question being urged by counsel. It is not only proper for this court, but it is its duty, to make all investigations necessary to satisfy itself in regard thereto with reasonable certainty. Pollard v. Wegener, 13 Wis. 570; Damp v. Dane, 29 Wis. 419; Butler v. Wagner, 35 Wis. 54; Mathie v. McIntosh, 40 Wis. 120; Meyer v. Garthwaite, 92 Wis. 571, 66 N. W. 704; Re Klein, 95 Wis. 246, 70 N. W. 64; Burnham v. Norton, 100 Wis. 8, 75 N. W. 304; 12 Enc. Pl. & Pr. 187, 190. . . . A court is all-powerful within its jurisdiction, but it is absolutely powerless in any legitimate sense when acting outside thereof."

In the case of O'Donoghue v. Boies, 159 N. Y. 87, 53 N. E. 537, at page 540, the court said: "The want of jurisdiction to render the particular judgment may always be asserted and raised, directly or collaterally, either from an inspection of the record itself, when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. There is but one solitary exception to this rule, and that is in a case where jurisdiction depends

on a fact that is litigated in a suit, and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided."

In the case of Cowie v. Strohmeyer, 150 Wis. 401, 136 N. W. 956, the court said: "If the court exceeded its jurisdiction of the subject-matter, then the judgment is no protection whatever. It may be ignored altogether. Peck v. School Dist. 21 Wis. 517; Blodgett v. Hitt, 29 Wis. 169; Damp v. Dane, 29 Wis. 419; Mathie v. McIntosh, 40 Wis. 120; O'Malley v. Fricke, 104 Wis. 280, 80 N. W. 436; Harrigan v. Gilchrist, 121 Wis. 127, 228, 99 N. W. 909; Hughes v. Cuming, 165 N. Y. 91, 58 N. E. 794; Cooper v. Reynolds, 10 Wall. 308, 19 L. ed. 931. The rule is elementary, that if the matter dealt with by the judgment in this case was entirely outside of the court's jurisdiction then, as said in the last case cited, the result was not merely erroneous and so, binding on all parties which the court had jurisdiction of, and their privies, till set aside in some of the ways appointed by law, not including collateral attack, but was a usurpation and, as said in Damp v. Dane, 29 Wis. 419, supra, the proceedings void in the broadest sense of the term. . . . An illustration of the distinction between jurisdiction of the subject-matter in the technical sense, rendering a judicial determination, however erroneous, binding till impeached in some of the ways provided by law and a mere assertion or pretense of jurisdiction without any real foundation for it whatever, rendering the judicial determination in respect thereto utterly void, is found in Melia v. Simmons, 45 Wis. 334, 30 Am. Rep. 746; Frame v. Thormann, 102 Wis. 653, 79 N. W. 39; Wisconsin Trust Co. v. Wisconsin M. & F. Ins. Co. Bank, 105 Wis. 464, 81 N. W. 642; Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909, supra; Jordan v. Chicago & N. W. R. Co. 125 Wis. 581, 104 N. W. 803, 1 L.R.A.(N.S.) 885, 110 Am. St. Rep. 865, 4 Ann. Cas. 1113; Griffith v. Frazier, 8 Cranch, 9, 23, 3 L. ed. 471; Scott v. McNeal, 154 U. S. 34, 38 L. ed. 896, 14 S. Ct. 1108; Cunnius v. Reading School Dist. 198 U. S. 458, 49 L. ed. 1125, 25 S. Ct. 721, 3 Ann. Cas. 1121."

In the case of Johnson v. Parrotte, 46 Neb. 51, 64 N. W. 363, the jury returned a verdict for the plaintiff and pending the ruling of the district court on a motion for a new trial, the parties stipulated that if the court should grant a new trial the plaintiff might appeal to the

supreme court and if the supreme court should affirm an order granting a new trial judgment absolute might be rendered against the plaintiff dismissing said action with costs and it was further stipulated that if said supreme court reversed said order then judgment absolute might be rendered against the defendant for the amount of the verdict and costs. The district court granted defendant's motion for new trial, the plaintiff then appealed and the supreme court, in pursuance of the stipulation, rendered a personal judgment in favor of the plaintiff and against the defendant for the amount found by the jury. This judgment the plaintiff subsequently made the basis of a creditor's bill in the district court and obtained a decree cancelling as fraudulent the conveyance of said real estate made by the defendant and subjected such real estate to the payment of said judgment. On appeal the supreme court held that the former judgment of the supreme court was void. In this case the court had jurisdiction of the parties but did not have power to render the judgment because the order appealed from was not an appealable order, therefore, the judgment was void. It was argued that since the parties stipulated the matter into the supreme court that they were estopped from assailing the judgment as void but the court said: "A void judgment is in reality no judgment at all. It is a mere nullity. It is supported by no presumptions, and may be impeached in any action directly or indirectly."

The difference between voidable judgments and void judgments is well expressed in the case of People ex rel. Arkansas Valley Sugar Beet & Irrig. Land Co. v. Burke, 72 Colo. 486, 212 Pac. 837, 30 A.L.R. 1085. At page 1095 the court says: "It is true that courts generally, in discussing the question of the sacredness of a judgment and its invulnerability to a collateral attack, say that, where jurisdiction of the parties and of the subject-matter attaches, no mistake, however serious in its character, thereafter committed by the court in the exercise of its unquestioned jurisdiction of the parties and of the subject-matter, can be taken advantage of in a collateral attack. . . . The statement of the rule in most of the cases is that, if the court has jurisdiction of the subject-matter and of the parties, no error in exercising that jurisdiction may be urged collaterally. Such statement is sufficiently exact in those cases, as the objections there urged go only to these two elements of jurisdiction. But there is another element of equal im-

portance. Jurisdiction, in its fullest sense, is. not restricted to the subject matter and the parties. If the court lacks jurisdiction to render, or exceeds its jurisdiction in rendering, the particular judgment in the particular case, such judgment is subject to collateral attack, even though the court had jurisdiction of the parties and of the subject matter. This meaning of 'jurisdiction' is recognized by this court in Smith v. People, 2 Colo. App. 99, 29 Pac. 924; Newman v. Bullock, 23 Colo. 217, 47 Pac. 379; Tebbets v. People, 31 Colo. 461, 73 Pac. 869; Tegeler v. Schneider, 49 Colo. 574, 114 Pac. 288; Kilker v. People, 68 Colo. 174, 188 Pac. 744. The Supreme Court of the United States, the ultimate authority, has so ruled in Windsor v. McVeigh, 93 U. S. 274, 23 L. ed. 914; Ex parte Rowland, 104 U. S. 604, 26 L. ed. 861; Ex parte Lange, 18 Wall. 163, 21 L. ed. 872. See also Hovey v. Elliott, 39 L.R.A. 449 and notes (145 N. Y. 126, 39 N. E. 841, id. 167 U. S. 409, 42 L. ed. 215, 17 S. Ct. 841)."

See also the case of Cline v. Niblo, 117 Tex. 474, 8 S. W. (2) 633, 66 A.L.R. 916, where it is held that probate or other judicial sales of exempt homestead property, in the absence of an affirmative showing in the decree that the homestead question was adjudicated in the judgment leading up to the sale, may be inquired into and declared a nullity in collateral proceedings.

From these authorities it is clear that a court must have power to render the particular judgment entered, that power in the instant case must be found in the statute and the statute does not authorize the allowance of interest. On appeal the first question the trial court had for determination was the question of whether the claimant was entitled to participate in the fund at all. This was a question of fact to be determined upon the evidence as to whether the claimant was injured in the course of his employment. The court's findings and conclusions that the claimant was injured in the course of his employment was a judicial determination of the question of fact and is conclusive. Having determined that the claimant was injured in the course of his, employment and was entitled to participate in the fund, the court then had jurisdiction to award compensation within the terms of the act, and not exceeding the maximum amount. The court went outside of its jurisdiction and allowed interest on the weekly payments from the, day of the injury until the entry of the judgment. It was clearly with-

out the power of the court to allow it, first, because it is not authorized in the compensation act, and, second, because it is in excess of the maximum allowed by the statute. Judgment upon the question of jurisdiction is only final when the jurisdiction depends upon a question of fact. Jurisdiction of the subject matter is never a question of fact. It is always a question of law and is never foreclosed. That is why it can be raised at any time in any court. Either the court has jurisdiction of the subject matter or it has not. If the statute gives it, the court has it, and what the statute does not give in the compensation act it withholds.

The California court had the question of the allowance of interest before it in a compensation case, in the case of United States Dredging Co. v. Industrial Acci. Commission, 92 Cal. App. 110, 267 Pac. 763, on certiorari to the California court, the court said: "And finally, petitioners claim that the award is illegal because of the fact that it carries interest charges. No objection was made to the award in this particular upon rehearing, the point being raised for the first time in this proceeding (the certiorari proceedings). However, as the interest clause is separable from the award of compensation, it is unnecessary to remand the proceedings for further action by the Commission (Pacific Indem. Co. v. Industrial Acci. Commission, 202 Cal. 521, 261 Pac. 987). The award of compensation is affirmed. The order providing for interest is annulled."

In the case of Pacific Indem. Co. v. Industrial Acci. Commission, 204 Cal. 427, 268 Pac. 633, the California court said: "That portion of the award allowing interest on the unpaid portions of the award is without authority of the Commission." If it was without authority it was beyond the power and jurisdiction of the board and the court.

It will be noted that in all the California cases that part of the judgment allowing interest was annulled for the reason that it was allowed without authority. In other words, without jurisdiction. In the case of State ex rel. Gavalek v. Industrial Commission, 100 Ohio St. 399, 126 N. E. 317, cited and relied on in the majority opinion, the Ohio court does not hold that the court was without power to order a judgment in a lump sum, but that the allowance of a lump sum was only erroneous.

This court, in the Gotchy Case, 49 N. D. 915, 194 N. W. 663, supra,

has specifically held that the court has no power under the compensation act to render a judgment in a lump sum. In other words, the power is not granted and, therefore, is withheld. It is just as true that there is no power to allow interest and the court having no power to allow interest, no interest can be allowed. Further, the allowance of compensation is limited to twenty dollars per week and the allowance of interest in excess of the maximum amount is clearly in excess of the jurisdiction of the court.

The continuing jurisdiction of the Industrial Board, under the Ohio law, as construed by the Ohio Supreme Court, is not so broad as that given to the Compensation Bureau in the North Dakota law. Section 1465-86 of the Ohio Law reads as follows: "The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as in its opinion may be justified," and in the case of State ex rel. Munding v. Industrial Commission, 92 Ohio St. 434, 111 N. E. 299, at page 300, L.R.A.1916D, 944, Ann. Cas. 1917D, 1162, 13 N. C. C. A. 713, the court states that "We do not think findings and orders which may be changed mean findings and orders which are definitely fixed by law and as to which the board of awards has no discretion. . . . We hold that when the award is once made to a sole dependent the right to the compensation vests, and once vested there can be no condition attached except as to the time of payment, and it is equally immaterial whether the dependent subsequently dies or becomes independent." In other words an award once made is final and beyond the jurisdiction of the Board, except that under another section of the Ohio statute the Board under special circumstances and when the same is deemed advisable may compute periodic benefits to one or more lump-sum payments.

Our statute relating to continuing jurisdiction is much broader and reads as follows: Section 396a18, Supplement to the Compiled Laws of 1913, "If the original claim for compensation has been made within the time specified in section fifteen, the bureau may, at any time, on its own motion or on application, review the award, and, in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, award compensation." This section leaves the

award absolutely under the control of the bureau. It has power, at any time, on its own motion or on application, to review the award, and to increase, diminish, or end it if justified by the facts ascertained by the review.

The right to review an award after a voluntary lump-sum settlement had been executed is upheld in the case of Tribune Co. v. Industrial Commission, 290 Ill. 402, 125 N. E. 351; Peoria R. Co. v. Industrial Commission, 290 Ill. 177, 125 N. E. 1, 19 N. C. C. A. 441; Wabash R. Co. v. Industrial Commission, 286 Ill. 194, 121 N. E. 569.

In the case of Safety Insulated Wire & Cable Co. v. Common Pleas Ct. 90 N. J. L. 114, 100 Atl. 846, the court said: "Although the original award is incidentally involved in the application for a modification thereof, it is clear that the application was in nowise an attack on the propriety of the award upon the facts as they then appeared before the court. The essential new fact, which was disclosed to the court below, was that what appeared in the condition of the petitioner in the original proceeding to be a total disability has proved in the course of time not to be so, as evidenced by the fact of the ability of the petitioner to perform labor at higher wages than at the time of his injuries." Indianapolis Bleaching Co. v. Morgan, 75 Ind. App. 672, 129 N. E. 644; Fennessey's Case, 120 Me. 251, 113 Atl. 302; Bacon v. United Electric R. Co. 51 R. I. 84, 150 Atl. 818, 69 A.L.R. 544; Sangamon County Min. Co. v. Industrial Commission, 315 Ill. 532, 146 N. E. 492; Becker v. Taylor & Co. 217 App. Div. 414, 216 N. Y. Supp. 625.

In the case of McCracken v. Missouri Valley Bridge & Iron Co. 96 Kan. 353, 150 Pac. 832, Ann. Cas. 1918B, 698, judgment was duly entered and thereafter on application the judgment was allowed in a lump sum. Murphy's Case, 224 Mass. 592, 113 N. E. 283; Wozneak v. Buffalo Gas Co. 175 App. Div. 268, 161 N. Y. Supp. 675.

In the case of Bartlett Hayward Co. v. Industrial Acci. Commission, 203 Cal. 522, 265 Pac. 195, the California court said: "The doctrine of res adjudicata and other common law doctrines as incorporated in the Code of Civil Procedure may not be invoked to defeat the employees' rights under the Workman's Compensation Act." In that case the continuing jurisdiction of the commission was invoked in behalf of the employee and it follows that if the doctrine of res adjudicata could not be invoked as against an employee it cannot be invoked as against the

bureau. This case was followed in the case of Globe Indem. Co. v. Industrial Acci. Commission, 91 Cal. App. 347, 266 Pac. 992 and again in the case of Moore & Co. v. Industrial Acci. Commission, 91 Cal. App. 465, 267 Pac. 122.

The North Dakota Workmen's Compensation Act creates a great trust fund for the purpose of providing compensation to employees who are injured in the course of their employment. It contemplates that each injured employee shall receive the same compensation during his disability that every other injured employee receives who is in the same class. This is the reason why continuing jurisdiction is given to the bureau, so that if a mistake is made in a judgment, or an award, or if there is a change of conditions, the bureau may, at any time, on its own motion or on application, review and correct the judgment and award in accordance with the facts and the law and to the end that the trust fund may be administered equitably to all the beneficiaries. The law is intended to be administered by the bureau and the use of the courts is intended only to keep the bureau within its jurisdiction.

The writ should be denied, except for the payment of the costs.